1  Paul D. Clement (DC Bar 433215)
2  pclement@bancroftpllc.com
   H. Christopher Bartolomucci (DC Bar 453423)
3  cbartolomucci@bancroftpllc.com
4  Conor B. Dugan (DC Bar 1006458)
   cdugan@bancroftpllc.com
5  Nicholas J. Nelson (DC Bar 1001696)
   nnelson@bancroftpllc.com
6
7  BANCROFT PLLC
   1919 M Street, N.W.
8  Suite 470
9  Washington, D.C. 20036
   202-234-0090 (telephone)
10 202-234-2806 (facsimile)
11
12 *Of Counsel:*
   Kerry W. Kircher, General Counsel (DC Bar 386816)
13 Kerry.Kircher@mail.house.gov
14 William Pittard, Deputy General Counsel (DC Bar 482949)
   William.Pittard@mail.house.gov
15 Christine Davenport, Senior Assistant Counsel (NJ Bar 043682000)
16 Christine.Davenport@mail.house.gov
   Kirsten W. Konar, Assistant Counsel (DC Bar 979176)
17 Kirsten.Konar@mail.house.gov
18 Todd B. Tatelman, Assistant Counsel (VA Bar 66008)
   Todd.Tatelman@mail.house.gov
19 Mary Beth Walker, Assistant Counsel (DC Bar 501033)
20 MaryBeth.Walker@mail.house.gov
21 OFFICE OF GENERAL COUNSEL,
   U.S. HOUSE OF REPRESENTATIVES
22 219 Cannon House Office Building
23 Washington, D.C. 20515
   202-225-9700 (telephone)
24 202-226-1360 (facsimile)
25
26 *Counsel for Proposed Intervenor-Defendant the Bipartisan*
   *Legal Advisory Group of the U.S. House of Representatives*
27
28

**ORIGINAL**

Lodged
order

2012 APR -2 PM 1:14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

FILED

1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Western Division

2

3

| | |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS, | No. 2:12-cv-00887-CBM (AJWx) |
| Plaintiffs, | **NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES FOR LEAVE TO INTERVENE** |
| vs. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | Hearing:     May 7, 2012<br>Time:        10:00 am<br>Hon. Consuelo B. Marshall |

PLEASE TAKE NOTICE that the Bipartisan Legal Advisory Group of the U.S. House of Representatives will move this Court on Monday, May 7, 2012, at 10:00 am, or as soon thereafter as counsel may be heard, in the U.S. District Court, Courtroom 2, 312 N. Spring Street, Los Angeles, California, for an order granting the Bipartisan Legal Advisory Group's Motion for Leave to Intervene.

### UNOPPOSED MOTION FOR LEAVE TO INTERVENE

Pursuant to Rules 24(a), (b) of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 530D(b)(2), and 2403, and for the reasons set forth in the accompanying Memorandum of Points and Authorities, the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House") respectfully moves for leave to

1

intervene as a party defendant in this matter for the purpose of (i) defending two duly enacted federal statutes – Section 3 of the Defense of Marriage Act, Pub. L. No. 104-199, § III, 110 Stat. 2419 (1996), codified at 1 U.S.C. § 7, and 38 U.S.C. § 101(3), (31) – from attack on the ground that they violate the equal protection component of the Due Process Clause of the Fifth Amendment, and (ii) litigating related jurisdictional issues, if any.[1]

In compliance with Rule 24(c) of the Federal Rules of Civil Procedure, the Answer of the Bipartisan Legal Advisory Group of the U.S. House of Representatives to plaintiffs' Complaint for Declaratory, Injunctive and Other Relief (Feb. 1, 2012) (ECF No. 1), which sets out "the claim or defense for which intervention is sought," is attached hereto as Exhibit 3.

---

[1] The House of Representatives has articulated its institutional position in litigation matters through a five-member bipartisan leadership group since at least the early 1980's (although the formulation of the group's name has changed somewhat over time). Since 1993, the House rules have formally acknowledged and referred to the Bipartisan Legal Advisory Group, as such, in connection with its function of providing direction to the Office of General Counsel. *See, e.g.*, Rule I.11, Rules of the House of Representatives, 103d Cong. (1993), attached as Exhibit 1; Rule II.8, Rules of the House of Representatives, 112th Cong. (2011), attached as Exhibit 2. While the group seeks consensus whenever possible, it functions on a majoritarian basis, like the institution it represents, when consensus cannot be achieved. The Group currently is comprised of the Honorable John A. Boehner, Speaker of the House, the Honorable Eric Cantor, Majority Leader, the Honorable Kevin McCarthy, Majority Whip, the Honorable Nancy Pelosi, Democratic Leader, and the Honorable Steny H. Hoyer, Democratic Whip. The Democratic Leader and Democratic Whip decline to support the filing of this motion.

## LOCAL RULE 7-3 STATEMENT

On March 7, 2012, counsel for the House conferred with Jean Lin, Senior Trial Attorney with the Department of Justice, who informed us that defendants United States of America, Attorney General Eric H. Holder, Jr., and Secretary of Veterans Affairs Eric K. Shinseki, do not oppose this motion to intervene for purposes of presenting arguments in support of the constitutionality of DOMA Section 3 and 38 U.S.C. § 101 (3), (31), but that the Department will be filing a response to explain its position.

On March 14, 2012, counsel for the House conferred with Randall R. Lee, counsel for plaintiffs, who informed us that his clients do not oppose this motion, but that they will be "fil[ing] something reserving the issue."

A proposed Order is submitted herewith and oral argument is not requested.

Respectfully submitted,

By: _Paul D. Clement/by Kerr_
_w permission_

Paul D. Clement

BANCROFT PLLC

*Counsel for Proposed Intervenor-Defendant*
*the Bipartisan Legal Advisory Group of the*
*U.S. House of Representatives*

March 30, 2012

3

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2012, I served the foregoing Notice of Unopposed Motion and Unopposed Motion of the Bipartisan Legal Advisory Group of the U.S. House of Representatives for Leave to Intervene by electronic mail (.pdf format), and by first-class mail, postage prepaid, on each of the following:

> Caren E. Short
> Christine P. Sun
> Joseph J. Levin, Jr.
> SOUTHERN POVERTY LAW CENTER
> 400 Washington Avenue
> Montgomery, AL 36104
> caren.short@splcenter.org
> christine.sun@splcenter.org
> joe.levin@splcenter.org

> Daniel S. Noble
> WILMER CUTLER PICKERING HALE & DORR LLP
> 399 Park Avenue
> New York, NY 10022
> daniel.noble@wilmerhale.com

> Eugene Marder
> WILMER CUTLER PICKERING HALE & DORR LLP
> 950 Page Mill Road
> Palo Alto, CA 94304
> eugene.marder@wilmerhale.com

> Matthew D. Benedetto
> WILMER CUTLER PICKERING HALE & DORR LLP
> 350 South Grand Avenue Suite 2100
> Los Angeles, CA 90071
> matthew.benedetto@wilmerhale.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Randall R. Lee
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue Suite 2100
Los Angeles, CA 90071
randall.lee@wilmerhale.com

Jean Lin, Trial Attorney
US DEPARTMENT OF JUSTICE
Civil Division - Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
jean.lin@usdoj.gov

_____

Kerry W. Kircher

# Exhibit 1

# RULES

## *of the*

# HOUSE OF REPRESENTATIVES

EFFECTIVE FOR

ONE HUNDRED THIRD CONGRESS



PREPARED BY

DONNALD K. ANDERSON

Clerk of the House of Representatives

JANUARY 5, 1993

(Rev 1-3-93)

H940-3.

2                                    RULES OF THE

of the last regular session of the Congress.

9. (a) He shall devise and implement a system subject to his direction and control for closed circuit viewing of floor proceedings of the House of Representatives in the offices of all Members and committees and in such other places in the Capitol and the House Office Buildings as he deems appropriate. Such system may include other telecommunications functions as he deems appropriate. Any such telecommunications function shall be subject to rules and regulations issued by the Speaker.

(b)(1) He shall devise and implement a system subject to his direction and control for complete and unedited audio and visual broadcasting and recording of the proceedings of the House of Representatives. He shall provide for the distribution of such broadcasts and recordings thereof to news media, the storage of audio and video recordings of the proceedings, and the closed captioning of the proceedings for hearing-impaired individuals.

(2) All television and radio broadcasting stations, networks, services, and systems (including cable systems) which are accredited to the House radio and television correspondents' galleries, and all radio and television correspondents who are accredited to the radio and television correspondents' galleries shall be provided access to the live coverage of the House of Representatives.

(3) No coverage made available under this clause nor any recording thereof shall be used for any political purpose.

(4) Coverage made available under this clause shall not be broadcast with commercial sponsorship except as part of bona fide news programs and public affairs documentary programs. No part of such coverage or any recording thereof shall be used in any commercial advertisement.

(c) He may delegate any of his responsibilities under this clause to such legislative entity as he deems appropriate.

10. There is established in the House of Representatives an office to be known as the Office of the Historian of the House of Representatives.

11. There is established in the House of Representatives an office to be known as the Office of General Counsel for the purpose of providing legal assistance and representation to the House. Legal assistance and representation shall be provided without regard to political affiliation. The Office of General Counsel shall function pursuant to the direction of the Speaker, who shall consult with a Bipartisan Legal Advisory Group, which shall include the majority and minority leaderships. The Speaker shall appoint and set the annual rate of pay for employees of the Office of General Counsel.

12. To suspend the business of the House for a short time when no question is pending before the House, the Speaker may declare a recess subject to the call of the Chair.

### Rule II

#### ELECTION OF OFFICERS

There shall be elected by a viva voce vote, at the commencement of each Congress, to continue in office until their successors are chosen and qualified, a Clerk, Sergeant-at-Arms, Doorkeeper, and Chaplain, each of whom shall take an oath to support the Constitution of the United States, and for the true and faithful discharge of the duties of his office to the best of his knowledge and ability, and to keep the secrets of the House; and each shall appoint all of the employees of his department provided for by law. The Clerk, Sergeant-at-Arms, and Doorkeeper may be removed by the House or by the Speaker.

#### DUTIES OF THE CLERK

1. The Clerk shall, at the commencement of the first session of each Congress, call the Members to order, proceed to call the roll of Members by States in alphabetical order, and, pending the election of a Speaker or Speaker pro tempore, preserve order and decorum, and decide all questions of order subject to appeal by any Member.

2. He shall make and cause to be printed and delivered to each Member, or mailed to his address, at the commencement of every regular session of Congress, a list of the reports which it is the duty of any officer or Department to make to Congress, referring to the act or resolution and page of the volume of the laws or Journal in which it may be contained, and placing under the name of each officer the list of reports required of him to be made.

3. He shall note all questions of order, with the decisions thereon, the record of which shall be printed as an appendix to the Journal of each session; and complete, as soon after the close of the session as possible, the printing and distribution to Members, Delegates, and the Resident Commissioner from Puerto Rico of the Journal of the House, together with an accurate and complete index; retain in the library at his office, for the use of the Members, Delegates, the Resident Commissioner from Puerto Rico and officers of the House, and not to be withdrawn therefrom, two copies of all the books and printed documents deposited there; send, at the end of each session, a printed copy of the Journal thereof to the executive and to each branch of the legislature of every State; deliver or mail to any Member, Delegate, or the Resident Commissioner from Puerto Rico an extra copy, in binding of good quality, of each document requested by that Member, Dele-

gate, or the Resident Commissioner which has been printed, by order of either House of the Congress, in any Congress in which he served; attest and affix the seal of the House to all writs, warrants, and subpoenas issued by order of the House, certify to the passage of all bills and joint resolutions.

4. He shall, in case of temporary absence or disability, designate an official in his office to sign all papers that may require the official signature of the Clerk of the House, and to do all other acts except such as are provided for by statute, they may be required under the rules and practices of the House to be done by the Clerk. Such official acts, when so done by the designated official, shall be under the name of the Clerk of the House. The said designation shall be in writing, and shall be laid before the House and entered on the Journal.

5. The Clerk is authorized to receive messages from the President and from the Senate at any time that the House is not in session.

6. He shall supervise the staff and manage any office of a Member who is deceased, has resigned, or been expelled until a successor is elected and shall perform similar duties in the event that a vacancy is declared by the House in any congressional district because of the incapacity of the Member representing such district or other reason. Whenever the Clerk is acting as a supervisory authority over such staff, he shall have authority to terminate employees; and he may appoint, with the approval of the Committee on House Administration, such staff as is required to operate the office until a successor is elected. He shall maintain on the House payroll and supervise in the same manner staff appointed pursuant to section 800 of Public Law 91-655 (2 U.S.C. 31b-5) for sixty days following the death of a former Speaker.

### Rule IV

#### DUTIES OF THE SERGEANT-AT-ARMS

1. It shall be the duty of the Sergeant-at-Arms to attend the House during its sittings, to maintain order under the direction of the Speaker or Chairman, and, pending the election of a Speaker or Speaker pro tempore, under the direction of the Clerk, execute the commands of the House, and all processes issued by authority thereof, directed to him by the Speaker.

2. The symbol of his office shall be the mace, which shall be borne by him while enforcing order on the floor.

### Rule V

#### DUTIES OF THE DOORKEEPER

1. The Doorkeeper shall enforce strictly the rules relating to the privileges of the Hall and be responsible to the House for the official conduct of his employees.

Exhibit 2

# RULES

## *of the*

# HOUSE OF REPRESENTATIVES

———

ONE HUNDRED TWELFTH CONGRESS

———



PREPARED BY

Karen L. Haas

Clerk of the House of Representatives

JANUARY 5, 2011

(Rev. 1–05–11)

Sergeant-at-Arms. Each report shall include financial statements and a description or explanation of current operations, the implementation of new policies and procedures, and future plans for each function.

(f) The Sergeant-at-Arms shall fully cooperate with the appropriate offices and persons in the performance of reviews and audits of financial records and administrative operations.

### Chief Administrative Officer

4. (a) The Chief Administrative Officer shall have operational and financial responsibility for functions as assigned by the Committee on House Administration and shall be subject to the oversight of the Committee on House Administration.

(b) In addition to any other reports required by the Committee on House Administration, the Chief Administrative Officer shall report to the Committee on House Administration not later than 45 days following the close of each semiannual period ending on June 30 or December 31 on the financial and operational status of each function under the jurisdiction of the Chief Administrative Officer. Each report shall include financial statements and a description or explanation of current operations, the implementation of new policies and procedures, and future plans for each function.

(c) The Chief Administrative Officer shall fully cooperate with the appropriate offices and persons in the performance of reviews and audits of financial records and administrative operations.

### Chaplain

5. The Chaplain shall offer a prayer at the commencement of each day's sitting of the House.

### Office of Inspector General

6. (a) There is established an Office of Inspector General.

(b) The Inspector General shall be appointed for a Congress by the Speaker, the Majority Leader, and the Minority Leader, acting jointly.

(c) Subject to the policy direction and oversight of the Committee on House Administration, the Inspector General shall only—

(1) provide audit, investigative, and advisory services to the House and joint entities in a manner consistent with government-wide standards;

(2) inform the officers or other officials who are the subject of an audit of the results of that audit and suggesting appropriate curative actions;

(3) simultaneously notify the Speaker, the Majority Leader, the Minority Leader, and the chair and ranking minority member of the Committee on House Administration in the case of any financial irregularity discovered in the course of carrying out responsibilities under this clause;

(4) simultaneously submit to the Speaker, the Majority Leader, the Minority Leader, and the chair and ranking minority member of the Committee on House Administration a report of each audit conducted under this clause; and

(5) report to the Committee on Ethics information involving possible violations by a Member, Delegate, Resident Commissioner, officer, or employee of the House of any rule of the House or of any law applicable to the performance of official duties or the discharge of official responsibilities that may require referral to the appropriate Federal or State authorities under clause 3(a)(3) of rule XI.

### Office of the Historian

7. There is established an Office of the Historian of the House of Representatives. The Speaker shall appoint and set the annual rate of pay for employees of the Office of the Historian.

### Office of General Counsel

8. There is established an Office of General Counsel for the purpose of providing legal assistance and representation to the House. Legal assistance and representation shall be provided without regard to political affiliation. The Office of General Counsel shall function pursuant to the direction of the Speaker, who shall consult with a Bipartisan Legal Advisory Group, which shall include the majority and minority leaderships. The Speaker shall appoint and set the annual rate of pay for employees of the Office of General Counsel.

### RULE III
#### THE MEMBERS, DELEGATES, AND RESIDENT COMMISSIONER OF PUERTO RICO

### Voting

1. Every Member shall be present within the Hall of the House during its sittings, unless excused or necessarily prevented, and shall vote on each question put, unless having a direct personal or pecuniary interest in the event of such question.

2. (a) A Member may not authorize any other person to cast the vote of such Member or record the presence of such Member in the House or the Committee of the Whole House on the state of the Union.

(b) No other person may cast a Member's vote or record a Member's presence in the House or the Committee of the Whole House on the state of the Union.

### Delegates and the Resident Commissioner

3. (a) Each Delegate and the Resident Commissioner shall be elected to serve on standing committees in the same manner as Members and shall possess in such committees the same powers and privileges as the other members of the committee.

(b) The Delegates and the Resident Commissioner may be appointed to any select committee and to any conference committee.

### RULE IV
#### THE HALL OF THE HOUSE

### Use and admittance

1. The Hall of the House shall be used only for the legislative business of the House and for caucus and conference meetings of its Members, except when the House agrees to take part in any ceremonies to be observed therein.

2. (a) Only the following persons shall be admitted to the Hall of the House or rooms leading thereto:

(1) Members of Congress, Members-elect, and contestants in election cases during the pendency of their cases on the floor.

(2) The Delegates and the Resident Commissioner.

(3) The President and Vice President of the United States and their private secretaries.

(4) Justices of the Supreme Court.

(5) Elected officers and minority employees nominated as elected officers of the House.

(6) The Parliamentarian.

(7) Staff of committees when business from their committee is under consideration, and staff of the respective party leaderships when so assigned with the approval of the Speaker.

(8) Not more than one person from the staff of a Member, Delegate, or Resident Commissioner when that Member, Delegate, or Resident Commissioner has an amendment under consideration (subject to clause 5).

(9) The Architect of the Capitol.

(10) The Librarian of Congress and the assistant in charge of the Law Library.

(11) The Secretary and Sergeant-at-Arms of the Senate.

(12) Heads of departments.

(13) Foreign ministers.

(14) Governors of States.

(15) Former Members, Delegates, and Resident Commissioners; former Parliamentarians of the House; and former elected officers and minority employees nominated as elected officers of the House (subject to clause 4).

(16) One attorney to accompany a Member, Delegate, or Resident Commissioner who is the respondent in an investigation undertaken by the Committee on Ethics when a recommendation of that committee is under consideration in the House.

(17) Such persons as have, by name, received the thanks of Congress.

(b) The Speaker may not entertain a unanimous consent request or a motion to suspend this clause or clauses 1, 3, 4, or 5.

3. (a) Except as provided in paragraph (b), all persons not entitled to the privilege of the floor during the session shall be excluded at all times from the Hall of the House and the cloakrooms.

(b) Until 15 minutes of the hour of the meeting of the House, persons employed in its service, accredited members of the press entitled to admission to the press gallery, and other persons

Exhibit 3

Paul D. Clement (DC Bar 433215)
pclement@bancroftpllc.com
H. Christopher Bartolomucci (DC Bar 453423)
cbartolomucci@bancroftpllc.com
Conor B. Dugan (DC Bar 1006458)
cdugan@bancroftpllc.com
Nicholas J. Nelson (DC Bar 1001696)
nnelson@bancroftpllc.com

BANCROFT PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C. 20036
202-234-0090 (telephone)
202-234-2806 (facsimile)

*Of Counsel:*
Kerry W. Kircher, General Counsel (DC Bar 386816)
Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (DC Bar 482949)
William.Pittard@mail.house.gov
Christine Davenport, Senior Assistant Counsel (NJ Bar 043682000)
Christine.Davenport@mail.house.gov
Kirsten W. Konar, Assistant Counsel (DC Bar 979176)
Kirsten.Konar@mail.house.gov
Todd B. Tatelman, Assistant Counsel (VA Bar 66008)
Todd.Tatelman@mail.house.gov
Mary Beth Walker, Assistant Counsel (DC Bar 501033)
MaryBeth.Walker@mail.house.gov

OFFICE OF GENERAL COUNSEL,
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Proposed Intervenor-Defendant the Bipartisan
Legal Advisory Group of the U.S. House of Representatives*

**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Western Division**

TRACEY COOPER-HARRIS and )   No. 2:12-cv-00887-CBM (AJWx)
MAGGIE COOPER-HARRIS, )
)   **ANSWER OF INTERVENOR**
          Plaintiffs, )   **-DEFENDANT THE**
)   **BIPARTISAN LEGAL**
     v. )   **ADVISORY GROUP OF THE**
)   **U.S. HOUSE OF**
UNITED STATES OF AMERICA, et al., )   **REPRESENTATIVES**
)
          Defendants. )   Honorable Consuelo B. Marshall
)

Intervenor-Defendant the Bipartisan Legal Advisory Group of the U.S.

House of Representatives ("House"), through counsel, respectfully answers

Plaintiffs' Complaint for Declaratory, Injunctive, and Other Relief (Feb. 1, 2012)

(ECF No. 1) ("Complaint") as follows:

First Defense

The House responds to the individual numbered paragraphs of the

Complaint as follows:

1. Paragraph 1 of the Complaint characterizes Plaintiffs' lawsuit and does

   not require a response.  To any extent to which a response is required, the

   House denies the allegations of this paragraph.

2. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

3. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 3 of the Complaint, and therefore denies them. The second sentence of this paragraph purports to state a legal conclusion as to which no response is required.

4. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint, and therefore denies them, except that the House admits that multiple sclerosis is a chronic disease of the nervous system that can cause disability in some cases and for which there is no known permanent cure (although the House believes, and therefore asserts, that therapies to slow the disease, and treatments to control its symptoms, do exist).

5. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint, and therefore denies them, except that the House admits that

3

Plaintiffs accurately have characterized the general nature of post-traumatic stress disorder.

6. As to Paragraph 6 of the Complaint, the House admits that the United States Department of Veterans' Affairs administers several programs providing certain benefits in connection with status as a veteran, and that the statutes and regulations that govern those programs speak for themselves.  To the extent this paragraph purports to state a legal conclusion, no response is required.

7. Paragraph 7 of the Complaint purports to state a legal conclusion as to which no response is required.  Additionally, the final sentence of the paragraph is premised on an incomplete set of hypothetical facts such that its truth or falsity cannot be assessed.  To any extent that a response may be required, the House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

8. Paragraph 8 of the Complaint purports to state a legal conclusion as to which no response is required.  Additionally, the final sentence of the paragraph is premised on an incomplete set of hypothetical facts such that its truth or falsity cannot be assessed.  To any extent that a response may be required, the House is without knowledge or information

4

sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

9. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first two sentences of Paragraph 9 of the Complaint, and therefore denies them. The third sentence of this paragraph, and possibly other portions of the paragraph, purports to state a legal conclusion as to which no response is required.

10. Paragraph 10 of the Complaint purports to state a legal conclusion as to which no response is required.

11. Portions of Paragraph 11 of the Complaint purport to state a legal conclusion as to which no response is required. To any extent to which a response is required, the House responds as follows:

(a)  The House is without knowledge or information sufficient to form a belief as to whether or why the United States Department of Veterans' Affairs has denied any benefits to either Plaintiff, and therefore denies the allegations of the first sentence of this paragraph.

(b)  The House also is without knowledge or information sufficient to form a belief as to the length, or active-duty status, of any military service by Plaintiff Tracey Cooper-Harris, and therefore denies the allegation of the second portion of the second sentence of this paragraph.

5

(c)  To any extent to which a response is required, the House denies the remaining allegations of this paragraph.

12. Paragraph 12 of the Complaint characterizes Plaintiffs' lawsuit and does not require a response.  To any extent to which a response is required, the House denies the allegations of this paragraph.

13. Paragraph 13 of the Complaint characterizes Plaintiffs' lawsuit and/or purports to state a legal conclusion as to which no response is required. To any extent to which a response is required, the House denies the allegations of this paragraph.

14. Paragraph 14 of the Complaint purports to state a legal conclusion as to which no response is required.  To any extent to which this paragraph asserts facts, the House is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

15. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint, and therefore denies them.  To the extent this paragraph purports to state a legal conclusion, no response is required.

16. Paragraph 16 of the Complaint characterizes Plaintiffs' reasons for suing the United States and/or characterizes Plaintiffs' lawsuit; accordingly, no response is required.

17. The House admits the allegations in the first sentence of Paragraph 17 of the Complaint.  The second sentence of this paragraph purports to state a legal conclusion as to which no response is required.  The third sentence of this paragraph characterizes Plaintiffs' lawsuit and requires no response.

18. The House admits the allegations in the first sentence of Paragraph 18 of the Complaint.  The second sentence of this paragraph purports to state a legal conclusion as to which no response is required.  The third sentence of this paragraph characterizes Plaintiffs' lawsuit and requires no response.

19. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint, and therefore denies them.

22. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint, and therefore denies them.

23. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint, and therefore denies them.

24. The House admits the content of the first sentence of Paragraph 24 of the Complaint.  The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Complaint, and therefore denies them.

25. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint, and therefore denies them.

26. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

27. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint, and therefore denies them.

29. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint, and therefore denies them.

30. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint, and therefore denies them.

31. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint, and therefore denies them.

32. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint, and therefore denies them.

34. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint, and therefore denies them.

37. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint, and therefore denies them.  To the extent this paragraph purports to state a legal conclusion, no response is required.

38. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint, and therefore denies them.

39. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint, and therefore denies them.

40. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint, and therefore denies them.

41. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint, and therefore denies them.

42. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint, and therefore denies them.  To the extent this paragraph purports to state a legal conclusion, no response is necessary.

43. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint, and therefore denies them.

44. As to Paragraph 44 of the Complaint, the House admits that (i) the United States provides certain benefits to active duty military service members, and (ii) the United States Department of Veterans' Affairs administers several programs providing certain benefits in connection

with status as a veteran, and that the statutes and regulations that govern those programs speak for themselves. Otherwise, the House is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

45. Paragraph 45 of the Complaint purports to state a legal conclusion as to which no response is necessary. To the extent this paragraph characterizes a document, that document speaks for itself.

46. Paragraph 46 of the Complaint purports to state a legal conclusion as to which no response is necessary. To the extent this paragraph characterizes a document, that document speaks for itself.

47. Paragraph 47 of the Complaint purports to state a legal conclusion as to which no response is necessary. To the extent this paragraph characterizes a document, that document speaks for itself.

48. To the extent Paragraph 48 of the Complaint purports to state a legal conclusion, no response is necessary. To the extent this paragraph characterizes a document, that document speaks for itself. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies them.

49. To the extent Paragraph 49 of the Complaint purports to state a legal conclusion, no response is necessary. To the extent this paragraph characterizes a document, that document speaks for itself. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies them.

50. To the extent Paragraph 50 of the Complaint purports to state a legal conclusion, no response is necessary. To the extent this paragraph characterizes a document, that document speaks for itself. The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies them.

51. Paragraph 51 of the Complaint purports to state a legal conclusion as to which no response is necessary.

52. Paragraph 52 of the Complaint purports to state a legal conclusion as to which no response is necessary.

53. Paragraph 53 of the Complaint purports to state a legal conclusion as to which no response is necessary. To the extent this paragraph characterizes a document, that document speaks for itself.

54. Paragraph 54 of the Complaint purports to state a legal conclusion as to which no response is necessary.  The House is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies them.

55. Paragraph 55 of the Complaint purports to state a legal conclusion as to which no response is necessary.

56. Paragraph 56 of the Complaint purports to state a legal conclusion as to which no response is necessary.

57. Paragraph 57 of the Complaint purports to state a legal conclusion as to which no response is necessary.  To the extent this paragraph characterizes a document, that document speaks for itself.

58. Paragraph 58 of the Complaint purports to state a legal conclusion as to which no response is necessary.  To the extent this paragraph characterizes a document, that document speaks for itself.  To any extent to which a response may be necessary, the House denies the allegations of this paragraph.

59. Paragraph 59 of the Complaint purports to state a legal conclusion as to which no response is necessary.  To the extent this paragraph characterizes a document, that document speaks for itself.  To any extent

to which a response may be necessary, the House denies the allegations of this paragraph.

60. Paragraph 60 of the Complaint purports to state a legal conclusion as to which no response is necessary.  To the extent this paragraph characterizes a document, that document speaks for itself.  To any extent to which a response may be necessary, the House denies the allegations of this paragraph.

61. Paragraph 61 of the Complaint purports to state a legal conclusion as to which no response is necessary.  To the extent this paragraph characterizes a document, that document speaks for itself.  To any extent to which a response may be necessary, the House denies the allegations of this paragraph.

62. As to Paragraph 62 of the Complaint, the House reasserts the responses stated above to paragraphs 1-61 of the Complaint.

63. Paragraph 63 of the Complaint purports to state a legal conclusion as to which no response is necessary.  To any extent to which a response may be required to any other allegation of this paragraph, the House lacks knowledge or information necessary to form a belief as to its truth or falsity, and therefore denies it.

64. Paragraph 64 of the Complaint purports to state a legal conclusion as to which no response is necessary. To any extent to which a response may be required to any other allegation of this paragraph, the House lacks knowledge or information necessary to form a belief as to its truth or falsity, and therefore denies it.

65. Paragraph 65 of the Complaint purports to state a legal conclusion as to which no response is necessary.

66. As to Paragraph 66 of the Complaint, the House reasserts the responses stated above to paragraphs 1-65 of the Complaint.

67. Paragraph 67 of the Complaint purports to state a legal conclusion as to which no response is necessary. To any extent a response may be required, the House lacks knowledge or information necessary to form a belief as to its truth or falsity, and therefore denies it.

68. Paragraph 68 of the Complaint purports to state a legal conclusion as to which no response is necessary. To any extent a response may be required to any other allegation of this paragraph, the House lacks knowledge or information necessary to form a belief as to its truth or falsity, and therefore denies it.

69. Paragraph 69 of the Complaint purports to state a legal conclusion as to which no response is necessary.

To any extent to which the House has not responded to any allegation of the Complaint, the House denies that allegation.

### Second Defense

Plaintiffs' Complaint fails to state a claim on which relief may be granted.

### Third Defense

Section 101(3), (31) of Title 38 of the United States Code is consistent with, and does not violate, the equal protection component of the Due Process Clause of the Fifth Amendment of the U.S. Constitution—as well as every other provision of the U.S. Constitution.

### Fourth Defense

Section 3 of the Defense of Marriage Act, Pub. L. No. 104-199, 110 Stat. 2419 (1996), codified at 1 U.S.C. § 7 ("DOMA Section 3"), is consistent with, and does not violate, the equal protection component of the Due Process Clause of the Fifth Amendment of the U.S. Constitution—as well as every other provision of the U.S. Constitution.

### Fifth Defense

Certain Plaintiffs lack standing to bring certain of their claims.

### Sixth Defense

Certain of Plaintiffs' claims are not ripe.

Seventh Defense

Certain of Plaintiffs' claims are barred by laches, estoppel, and/or a statute of limitation.

Eighth Defense

The House is not liable for any party's costs or attorneys' fees.

* * *

The House reserves the right to assert additional defenses as the House becomes aware of those defenses.

* * *

WHEREFORE, having fully answered and responded to the allegations of the Complaint, the House respectfully requests that this Court enter judgment in its favor, upholding Section 101 of Title 38 and DOMA Section 3 against any and all constitutional challenges.

Respectfully submitted,

By: _Paul D. Clement/Her By permission_

Paul D. Clement

BANCROFT PLLC

*Counsel for Proposed Intervenor-Defendant*
*the Bipartisan Legal Advisory Group of the*
*U.S. House of Representatives*

March 30, 2012

18