JOSEPH J. LEVIN, JR. *(Pro Hac Vice)*
joe.levin@splcenter.org
CHRISTINE P. SUN (SBN 218701)
christine.sun@splcenter.org
CAREN E. SHORT *(Pro Hac Vice)*
caren.short@splcenter.org
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481

**(*Caption Continued on Next Page*)**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; ERIC H. HOLDER, JR., in his official capacity as Attorney General; and ERIC K. SHINSEKI, in his official capacity as Secretary of Veterans Affairs,<br><br>Defendants. | Case No.  CV12-887 CBM (AJWx)<br>Judge Consuelo B. Marshall<br><br>PLAINTIFFS' RESPONSE TO MOTION OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES TO INTERVENE FOR A LIMITED PURPOSE |

*Wilmer Cutler Pickering Hale and Dorr LLP*
*350 South Grand Avenue, Suite 2100*
*Los Angeles, California 90071*

RANDALL R. LEE (SBN 152672)
randall.lee@wilmerhale.com
MATTHEW BENEDETTO (SBN 252379)
matthew.benedetto@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

DANIEL S. NOBLE (*Pro Hac Vice*)
daniel.noble@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

EUGENE MARDER (SBN 275762)
eugene.marder@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiffs
TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS

## PLAINTIFFS' RESPONSE TO MOTION OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES TO INTERVENE FOR A LIMITED PURPOSE

Plaintiffs Tracey Cooper-Harris and Maggie Cooper-Harris submit this response to the Motion of the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("BLAG") to Intervene for a Limited Purpose, filed April 2, 2012, ECF No.19.

Plaintiffs assert no position as to the merit of BLAG's motion to intervene as a party defendant for the limited purposes stated in the motion. Plaintiffs reserve their right, however, to challenge the legality of BLAG's participation in this action at a later point in the proceedings, including, but not limited to, BLAG's lack of standing to pursue any appeal under Article III of the U.S. Constitution.

Further, plaintiffs note that insofar as BLAG seeks to intervene to defend the constitutionality of 38 U.S.C. § 101(3), (31)[1], such intervention would appear to exceed the scope of the resolution authorizing BLAG's participation in the myriad cases challenging the constitutionality of Section 3 of the so-called Defense of Marriage Act ("DOMA"), Pub. L. No. 104-199, § III, 110 Stat. 2419 (1996).[2] Notwithstanding BLAG's representation to this Court that "[c]onsistent with its prior decision to defend DOMA Section 3 against equal protection challenges, [BLAG] then determined that it also would defend 38 U.S.C. § 101(3), (31) in this and other cases in which that statute's constitutionality has been challenged," Mem. of P.& A. in Supp. of Unopposed Mot. for Leave to Intervene 6, two BLAG members—House Democratic Leader Nancy Pelosi and House Democratic Whip Steny Hoyer—have objected to BLAG's intervention in this case because they "were not consulted" and no formal vote was taken to authorize BLAG's defense of 38 U.S.C. § 101(3), (31), *see* Letter from Nancy Pelosi, House Democratic Leader, and Steny Hoyer, House

---

[1] Sections 101(3) and 101(31) of Title 38 are definitional provisions in the veterans benefits title of the U.S. Code and are separate and distinct from DOMA Section 3, which is codified at 1 U.S.C. § 7. The definitions of "surviving spouse" and "spouse" in 38 U.S.C. § 101(3), (31), respectively, were adopted by Congress as part of the Veterans and Survivors Pension Interim Adjustment Act of 1975, Pub. L. No. 94-169, Title I, § 101(1), 89 Stat. 1013 (1975), two years after the Supreme Court held that the military could not distribute benefits differently based on gender, *see Frontiero v. Richardson*, 411 U.S. 677, 93 S. Ct. 1764, 36 L. Ed. 2d 583 (1973). Congress "add[ed] the term 'spouse' to mean wife or husband and the term 'surviving spouse' to mean widow or widower" to Section 101 of Title 38 and substituted these terms throughout the title in order "to eliminate unnecessary gender references." S. Rep. No. 94-532, at 78 (1975), *reprinted in* 1975 U.S.C.C.A.N. 2078, 2088-89. Thus, the definitions of "spouse" and "surviving spouse" as a "person of the opposite sex" manifest Congress's commitment to equality, not any intent to deny benefits to veterans with same-sex spouses or to create a federal definition of marriage for the purpose of excluding same-sex couples.

[2] The BLAG resolution authorizing the House General Counsel's intervention is limited on its face to "tak[ing] such steps as he considers appropriate . . . to protect the interests of the House in litigation in which the Attorney General has ceased to defend the constitutionality *of section 3 of the Defense of Marriage Act*." Eric Cantor, Majority Leader, *Authority to Intervene or File Amicus* (Mar. 9, 2011) (emphasis added), attached as Exhibit 1; *see also* Press Release, John Boehner, Speaker of the House, *House Will Ensure DOMA Constitutionality Is Determined by Courts* (Mar. 9, 2011) ("[T]he House General Counsel has been directed to initiate a legal defense of *this law* [*i.e.*, DOMA Section 3]." (emphasis added)), attached as Exhibit 2.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

Democratic Whip, to John Boehner, Speaker of the House (Mar. 30, 2012), attached as Exhibit 3.  Representatives Pelosi and Hoyer have called upon the other members of BLAG to rescind the decision to defend the constitutionality of 38 U.S.C. § 101(3), (31) in this and similar cases or, in the alternative, to hold a formal vote on extending the scope of BLAG's intervention to include the defense of these provisions.  *See id.*  To plaintiffs' knowledge, no such vote has yet been taken.

It is unfortunate that BLAG continues to attempt to defend the constitutionality of DOMA Section 3 and 38 U.S.C. § 101(3), (31), especially given that the President and Attorney General have determined that these laws are unconstitutional, *see* Letters from Eric Holder, U.S. Attorney General, to John Boehner, Speaker of the House (Feb. 23, 2011 & Feb. 17, 2012), ECF Nos. 16.2 & 16.3, and that DOMA Section 3 has already been held unconstitutional by several federal district courts, *see, e.g.*, *Golinski v. OPM*, No. 10 Civ. 257 (JSW), 2012 WL 569685 (N.D. Cal. Feb. 22, 2012); *Gill v. OPM*, 699 F. Supp. 2d 374 (D. Mass. 2010).  As detailed in the Complaint, plaintiff Tracey Cooper-Harris is a decorated U.S. Army veteran of the Iraq and Afghanistan wars who seeks to add her spouse, plaintiff Maggie Cooper-Harris, as a dependent so that their family may receive additional disability compensation based on Tracey's multiple sclerosis and other service-connected conditions.  BLAG's intervention in this case only prolongs plaintiffs' nearly year-long struggle to obtain these much-needed benefits—benefits that are routinely

afforded to other disabled veterans and their spouses. Plaintiffs respectfully request that the Court rule promptly on BLAG's motion.

DATED: April 5, 2012

> Respectfully submitted,
>
> SOUTHERN POVERTY LAW CENTER
>
> WILMER CUTLER PICKERING HALE AND DORR LLP
>
> BY: _____/s/ Randall R. Lee_____
> RANDALL R. LEE
> 350 South Grand Avenue, Suite 2100
> Los Angeles, CA 90071
> (213) 443-5300
> randall.lee@wilmerhale.com
>
> *Attorneys for Plaintiffs Tracey Cooper-Harris and Maggie Cooper-Harris*

5
PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE FOR A LIMITED PURPOSE
CASE NO. CV 12-887 CBM (AJWx)

ACTIVEUS 94379469v2