STUART F. DELERY
Acting Assistant Attorney General

ANDRE BIROTTE, JR.
United States Attorney

ARTHUR R. GOLDBERG (DC Bar No. 180661)
Assistant Branch Director

JEAN LIN (NY Bar No. 4074530)
Senior Trial Counsel
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
(202) 514-3716
(202) 616-8470 (Fax)
jean.lin@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Western Division

| | |
|---|---|
| TRACEY COOPER-HARRIS and, MAGGIE COOPER-HARRIS,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No: 2:12-CV-0887-CBM (AJWx)<br><br>DEFENDANTS' RESPONSE TO THE UNOPPOSED MOTION OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES FOR LEAVE TO INTERVENE<br><br>Hearing: May 7, 2012<br>Time: 10 a.m.<br><br>Honorable Consuelo B. Marshall |

Defendants, the United States of America, Attorney General Eric Holder, and Secretary of Veterans Affairs Eric Shinseki, by their undersigned counsel,

1

hereby respond to the motion of the Bipartisan Legal Advisory Group ("BLAG") of the United States House of Representatives to intervene as a party defendant in this case for the purpose of (i) defending two statutes – Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, and 38 U.S.C. § 103(3), (31) – against challenges under the equal protection component of the Due Process Clause of the Fifth Amendment, and (ii) litigating related jurisdictional issues, if any. *See* BLAG's Mot. to Intervene (ECF No. 17). As the Attorney General previously has stated, the Department of Justice is interested in providing Congress a full and fair opportunity to participate in this and other cases challenging the constitutionality of Section 3 of DOMA and 38 U.S.C. § 103(3), (31) under the equal protection component of the Due Process Clause. Consistent with the Attorney General's statement, Defendants do not oppose BLAG's motion to intervene to present arguments in support of the constitutionality of Section 3 of DOMA and 38 U.S.C. § 103(3), (31).

The Executive Branch, through the Department of Justice, represents all defendants in this litigation, *see* 28 U.S.C. § 516; *see also Buckley v. Valeo*, 424 U.S. 1, 138 (1976) (the conduct of litigation on behalf of the United States falls exclusively within the President's constitutional powers), and only a judgment against Defendants can redress Plaintiffs' alleged injuries. Although the Executive Branch believes that Section 3 of DOMA and 38 U.S.C. § 103(3), (31) are subject

to heightened constitutional scrutiny and are unconstitutional under that standard, the Executive departments and agencies will continue to comply with Section 3 of DOMA and 38 U.S.C. § 103(3), (31), pursuant to the President's direction, unless and until Section 3 of DOMA and 38 U.S.C. § 103(3), (31) are repealed by Congress or there is a definitive ruling by the Judicial Branch that they are unconstitutional. Accordingly, there remains a live case or controversy between Plaintiffs and Defendants. *See INS v. Chadha*, 462 U.S. 919, 930 (1983). Although Congress's interest in the constitutional validity of a law does not confer standing to enter an action as a party any more than citizens with a generalized grievance would have standing to do so, *see Valley Forge Christian College v. Americans United for Separation for Church and State, Inc.*, 454 U.S. 464, 482-83 (1982); *Newdow v. U.S. Congress*, 313 F.3d 495, 499-500 (9th Cir. 2002), the Executive Branch's continuing role in the litigation, as described further below, ensures the continuing existence of a justiciable case or controversy and makes it unnecessary for BLAG to have an independent basis for standing in order to participate in the litigation to present arguments in support of the constitutionality of Section 3.[1] Accordingly, Defendants have attached a proposed order permitting BLAG's intervention, consistent with the Executive Branch's role in this case.

---

[1] As explained above, the Attorney General represents all defendants in this suit. Section 2403 of Title 28, cited in BLAG's memorandum (ECF No. 19 at 15-16), is thus inapplicable as a basis for BLAG's intervention. Section 2403(a)

To fulfill the Attorney General's commitment to provide Congress a full and fair opportunity to participate in the litigation, Defendants will take the procedural steps necessary to enable BLAG to present arguments in support of the constitutionality of Section 3 of DOMA and 38 U.S.C. § 103(3), (31). Defendants intend to file appropriate motions, purely as a procedural matter, to ensure that this Court can consider arguments on both sides of the constitutional issue and that the Court has jurisdiction to enter judgment on the basis of those arguments. This approach is consistent with what the Department of Justice has done in prior cases in which the Executive Branch has taken the position that an Act of Congress is unconstitutional but announced its intention to enforce or comply with the law pending a final judicial determination of the constitutional issue: the cases proceeded, Congress or the Senate or the House of Representatives filed briefs supporting the constitutionality of the statute, and when the lower courts agreed with the Department of Justice's position that the statute was unconstitutional, the Department took appropriate steps to invoke the jurisdiction of the Supreme Court in order to provide an opportunity for that Court's full consideration of the

---

provides for certification "to the Attorney General" when an Act of Congress is challenged in a suit to which neither the United States nor its agencies or officers are already parties, and provides for intervention by the "United States," which is represented by the Department of Justice. Defendants agree, however, that BLAG's intervention for purposes of presenting arguments in support of the constitutionality of Section 3 of DOMA and 38 U.S.C. § 103(3), (31) is both appropriate and consistent with past practice.

constitutional question. *See, e.g., Chadha,* 462 U.S at 928, 930-93 (Solicitor General filed an appeal from the Court of Appeals' decision); *United States v. Lovett,* 328 U.S. 303, 306-307 (1946) (Solicitor General filed a petition for a writ of certiorari).

Dated:   April 10, 2012                               Respectfully submitted,

                                                      STUART F. DELERY
                                                      Acting Assistant Attorney General

                                                      ANDRE BIROTTE, JR.
                                                      United States Attorney

                                                      ARTHUR R. GOLDBERG
                                                      Assistant Branch Director

                                                      ___/s/___  *Jean Lin*
                                                      JEAN LIN
                                                      Senior Trial Counsel
                                                      United States Department of Justice
                                                      Civil Division
                                                      Federal Programs Branch
                                                      20 Massachusetts Ave., N.W.
                                                      Washington, DC 20530
                                                      E-mail: jean.lin@usdoj.gov
                                                      Tel:   (202) 514-3716
                                                      Fax:  (202) 616-8470