Paul D. Clement (DC Bar 433215)
pclement@bancroftpllc.com
H. Christopher Bartolomucci (DC Bar 453423)
cbartolomucci@bancroftpllc.com
Conor B. Dugan (DC Bar 1006458)
cdugan@bancroftpllc.com
Nicholas J. Nelson (DC Bar 1001696)
nnelson@bancroftpllc.com

BANCROFT PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C.  20036
202-234-0090 (telephone)
202-234-2806 (facsimile)

*Of Counsel:*
Kerry W. Kircher, General Counsel (DC Bar 386816)
Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (DC Bar 482949)
William.Pittard@mail.house.gov
Christine Davenport, Senior Assistant Counsel (NJ Bar 043682000)
Christine.Davenport@mail.house.gov
Kirsten W. Konar, Assistant Counsel (DC Bar 979176)
Kirsten.Konar@mail.house.gov
Todd B. Tatelman, Assistant Counsel (VA Bar 66008)
Todd.Tatelman@mail.house.gov
Mary Beth Walker, Assistant Counsel (DC Bar 501033)
MaryBeth.Walker@mail.house.gov

OFFICE OF GENERAL COUNSEL,
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Proposed Intervenor-Defendant the Bipartisan
Legal Advisory Group of the U.S. House of Representatives*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Western Division**

| | |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS, <br><br> Plaintiffs, <br><br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 2:12-cv-00887-CBM (AJWx) <br><br> **REPLY TO EXECUTIVE BRANCH DEFENDANTS' RESPONSE TO UNOPPOSED MOTION OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES FOR LEAVE TO INTERVENE** <br><br> Hearing:      May 7, 2012 <br> Time:          10:00 am <br> Hon. Consuelo B. Marshall |

Plaintiffs challenge the constitutionality, on equal protection grounds, of two Acts of Congress: Section 3 of the Defense of Marriage Act, Pub. L. No. 104-109, 110 Stat. 2419 (1996) ("DOMA"), codified at 1 U.S.C. § 7, and 38 U.S.C. § 101(3) & (31) ("Section 101"). As the Court is aware, the Attorney General announced on February 23, 2011, that the Justice Department would cease defending DOMA Section 3 against equal protection attacks, and announced on February 24, 2012, that the Department also would cease defending Section 101 against such attacks. *See* Mem. of P. & A. in Supp. of Unopposed Mot. of [House] for Leave to Intervene at 3-5 (Apr. 2, 2012) (ECF No. 19) ("House Intervention Memo"). In both instances, the Attorney General articulated the Department's interest in providing Congress "a *full and fair opportunity*" to participate in civil actions in which the constitutionality of those statutes has been placed at issue. *Id*. at 4-5 (quoting Letter from Eric H. Holder, Jr., Att'y Gen., to Hon. John A. Boehner, Speaker, U.S. House of Representatives at 6 (Feb. 23, 2011) ("First Holder Letter"), and Letter from Eric H. Holder, Jr., Att'y Gen., to Hon. John A. Boehner, Speaker, U.S. House of Representatives at 1 (Feb. 24, 2012) ("Second Holder Letter") (emphasis added)).

The Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House") subsequently determined to defend both statutes, House Intervention Memo at 5-6, and, taking the Attorney General at his word, moved to intervene as

1

a party-defendant in this case because that is the only way for the House "fully and fairly" to participate in this litigation. *See* Unopposed Mot. of the [House] for Leave to Intervene (Apr. 2, 2012) (ECF No. 17).

On April 10, 2012, the Department responded. *See* Defs.' Resp. to the Unopposed Mot. of the [House] for Leave to Intervene (Apr. 10, 2012) (ECF No. 28) ("DOJ Response"). Notwithstanding its continued professions of non-opposition – "the Defendants do not oppose [the House's] motion to intervene," *id.* at 2 – the Department now seeks effectively to reduce the House to the status of *amicus curiae* by questioning the House's standing to intervene, *id.*, by proposing to limit the House to "present[ing] arguments," *id.*, and by asserting a right to act as gatekeeper for the House's efforts to defend two validly enacted statutes that the Department itself refuses to defend, *id.* at 2-3.

At this stage in the ongoing, nationwide DOMA litigation, the Department's filing is purely an unfounded and *pro forma* assertion of Executive power. The House has filed similar motions to intervene in ten other DOMA Section 3 cases, all of which have been met with the same tired, dog-in-the-manger response by the Department. Every federal court that has ruled on this issue has permitted the House to intervene as a party, *see* House Intervention Memo at 7 and n.3,[1] and *no*

---

[1] On April 10, 2012, the Ninth Circuit granted the House's motion to intervene in the

(continued….)

*Court* has sustained the strained positions taken by the Department here.

This Court too should reject the Department's attempt to prevent the House from participating in this case as a party defendant to defend DOMA Section 3 and Section 101 when no other party will do so.  The Department inappropriately is attempting to control the manner in which the House defends those statutes, and impliedly is asserting the authority, unilaterally, to preclude judicial determination of Acts of Congress.

Where, as here, the Department refuses to carry out its constitutional responsibility to defend duly-enacted federal statutes, Congress is empowered to intervene, without restriction, to defend the statutes in order to enable the Judiciary, *and not the Executive*, to make the ultimate determination of the statutes' constitutionality:  "We have long held that Congress is the proper party to defend the validity of a statute when an agency of government, as a defendant charged with enforcing the statute, agrees with plaintiffs that the statute is inapplicable or unconstitutional."  *INS v. Chadha*, 462 U.S. 919, 940, 103 S. Ct. 2764, 77 L. Ed. 2d 317 (1983) (citing *Cheng Fan Kwok v. INS*, 392 U.S. 206, 210 n.9, 88 S. Ct. 1970, 20 L. Ed. 2d 1037 (1968); *United States v. Lovett*, 328 U.S. 303, 66 S. Ct. 1073, 90 L. Ed. 1252 (1946)).

---

*Torres-Barragan* case.  *See* Order, *Torres-Barragan v. Holder*, No. 10-55768 (9th Cir. April 10, 2012) (ECF No. 56).  That motion was pending in *Torres-Barragan* at the time the House filed is Motion to Intervene in this case.

1      1.  <u>The House Has Standing</u>.  The Department suggests that the House lacks

2  standing to be a party in this litigation.  *See* DOJ Resp. at 3 ("Congress's interest in

3  the constitutional validity of a law does not confer standing to enter an action as a

4  party any more than citizens with a generalized grievance would have standing to

5  do so . . . .").  We already have addressed this issue at some length, *see* House

6  Intervention Motion at 17-21, including explaining why this Court need not reach

7  the standing question here.  *See id*. at 17-19.  We think, and the Department

8  appears to agree, *see* DOJ Response at 3, that there is an existing case or

9  controversy here because the Executive Branch Defendants will remain parties to

10  this action – regardless of the role the Department chooses to play or not play in

11  the litigation – until those defendants are dismissed or the case concludes, neither

12  of which has yet occurred.

13      If, however, the Court concludes that it must address the issue of the

14  House's standing to intervene, the Court need look no further than *Chadha*, 462

15  U.S. 919.  *See* House Intervention Memo at 19-20.

16      Both *Valley Forge Christian College v. Americans United for Separation of*

17  *Church and State, Inc.*, 454 U.S. 464, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982), and

18  *Newdow v. U.S. Congress*, 313 F.3d 495 (9th Cir. 2002), cited by the Department,

19  are inapposite.  *Valley Forge* stands only for the unremarkable proposition that

20  status as a U.S. citizen and/or taxpayer does not alone confer standing to challenge

4

government action (or inaction).  And in *Newdow*, the Ninth Circuit denied the

Senate's request to intervene in an Establishment Clause case that challenged,

among other things, a federal statute inserting the words "under God" into the

Pledge of Allegiance, where (i) the Senate sought to intervene pursuant to a statute

(2 U.S.C. § 288e(a)) that specifically limited Senate intervention to cases in which

"the powers and responsibilities of Congress under the Constitution . . . are placed

in issue," and (ii) most importantly, the Department actively was *defending* the

constitutionality of the statute in the litigation (so that the question of independent

intervenor standing did not arise).  In so holding, the Ninth Circuit distinguished a

number of cases in which, unlike in *Newdow* (but exactly as here), a congressional

body successfully intervened to defend the constitutionality of a statute the

Department refused to defend.  *Newdow*, 313 F.3d at 498.[2]

    2.  <u>The House Is Entitled To Do More than Just "Present Arguments."</u>  The

Department's suggestion that the House be limited to "present[ing] arguments,"

DOJ Response at 2, also must be rejected.  Such a narrow role is not consistent

---

[2]  The House's position here also is supported by *Perry v. Brown*, 671 F.3d 1052, 1070-74 (9th Cir. 2012), which upheld the intervention of, and subsequent appeal by, the non-governmental sponsors of a California constitutional ballot initiative (Proposition 8), which the State itself would neither defend nor appeal.  *See also Perry v. Brown*, 52 Cal. 4th 1116, 1159-61 (2011) (intervention rights ran not only to co-equal branch of State government, but also non-governmental proponents of ballot initiative).  If even non-governmental actors are entitled to intervene to defend a law when the Executive refuses to do its job, *a fortiori* the Legislative Branch of the federal government is entitled to intervene when the Department refuses to defend.

with the status of an intervenor-defendant which, the Supreme Court has made clear, is the proper capacity for the House where the Department defaults on its constitutional responsibility to defend a duly-enacted statute:  "*Congress is the proper party to defend* the validity of a statute when an agency of government, as a defendant charged with enforcing the statute, agrees with plaintiffs that the statute is inapplicable or unconstitutional."  *Chadha*, 462 U.S. at 940 (emphasis added). And once the House is permitted to intervene as a party defendant, *with full responsibility for defense of the statute*, it must have the same rights as any other party, including the right to take discovery, if necessary; the right to file dispositive and procedural motions; and the right to appeal or petition for certiorari.  *Id.*; *see also United States v. City of Los Angeles*, 288 F.3d 391, 400 (9th Cir. 2002) (reversing denial of intervention:  "amicus status is insufficient to protect the [proposed intervenor]'s rights because such status does not allow the [proposed intervenor] to raise issues or arguments formally and gives it no right of appeal.").

The Department notes that it supported Supreme Court review of challenged statutes in *Chadha* (by filing an appeal) and *Lovett* (by petitioning for certiorari), DOJ Response at 4-5.  But that is irrelevant because both of those actions predated the Supreme Court's decision in *Chadha*.  Furthermore, the procedural history of *Chadha* itself refutes the Department's position.  In that case, the House and Senate moved to intervene in the Ninth Circuit in order to petition for certiorari.

*See Chadha*, 462 U.S. at 930 n.5.  The Ninth Circuit granted that motion, and – not mentioned by the Department – the Supreme Court then *granted* the subsequent House and Senate petitions for certiorari, specifically disregarding the Department's suggestion that its appeal rendered those petitions for certiorari superfluous:  "Congress is . . . a proper petitioner under [the statute governing petitions for writs of certiorari]."  *Id.* at 939.  As a result, *the Department's appeal was irrelevant*, which means the Supreme Court flatly has rejected the Department's suggestion that the House must be relegated merely to "present[ing] arguments."  DOJ Resp. at 2.  *See also* House Intervention Memo at 19-20.

As to *Lovett*, the Supreme Court cited that case in *Chadha* in support of its statement that "[w]e have long held that Congress is the proper party to defend the validity of a statute when an agency of government, as a defendant charged with enforcing the statute, agrees with plaintiffs that the statute is inapplicable or unconstitutional."  *Chadha*, 462 U.S. at 940.

3.  <u>The House Does Not Need the Department's Assistance To Defend</u> <u>DOMA</u>.  It follows that the House does not need the Department to take "procedural steps . . . to enable [the House] to present arguments" in defense of DOMA Section 3 and Section 101, DOJ Response at 4; does not need the Department to file "motions . . . to ensure that this Court can consider arguments on both sides of the constitutional issue and that the Court has jurisdiction to enter

judgment," *id*.; and does not need the Department's assistance to "invoke the jurisdiction of the Supreme Court," *id*.

In short, the House does not need the Department's blessing or approval to defend DOMA in such manner as the House deems fit. *See Chadha*, 462 U.S. at 928, 930 n.5, 931 n.6, 939-40.

The disturbing legal implication of the Department's position here is that *it* has the power effectively to preclude judicial determination of a statute's constitutionality by (i) first refusing to defend a statute's constitutionality, and (ii) then withholding or withdrawing its "commitment to provide Congress a full and fair opportunity to participate in the litigation." DOJ Resp. at 4. Denying the House the ability to intervene, as a full party, to defend the constitutionality of Acts of Congress the Department refuses to defend would be tantamount, or nearly so, to providing the Executive Branch an extra-constitutional post-enactment veto over federal statutes to which it objects, a power this Circuit has rightly said does not exist. *See Lear Siegler, Inc. v. Lehman*, 842 F.2d 1102, 1122 (9th Cir. 1988) (law does not "permit the executive branch to interpret the Constitution so as to assume additional powers or thwart the constitutional functions of a coordinate branch"), *vacated in part on other grounds*, 893 F.2d 205 (9th Cir. 1989).

The practical implications of the Department's position are equally disturbing. The Department has made clear that it will continue to represent the

8

interests of the Executive Branch in this and other DOMA cases.  *See* First Holder

Letter at 6; Second Holder Letter at 2.  Thus, the Department has a client, and that

client is not the House.  What happens when the House's interest in conducting the

litigation in the manner it deems appropriate diverges from what the Department

perceives to be the interests of the Executive Branch (as has already happened in

other DOMA cases)?  What happens, for example, when the House wishes to

accelerate or decelerate the timing of a notice of appeal or a petition for certiorari

and the Department, in the interests of its client, wishes to do the opposite?  What

happens if the Department decides to file pleadings challenging the

constitutionality of the statute at the same time that the House is trying to defend

the constitutionality of that statute?  In other words, how is it possible as a practical

matter – leaving aside considerations of professional responsibility – for the

Department to be on both sides of a case at the same time?  And if the Department

cannot even support the House's effort to intervene without, at the same time,

trying to hamstring the House, what are the chances the Department will move

aside when it comes time for the House to make substantive litigation decisions?

The answer is that the Court should decline to sign the proposed Order

submitted by the Department; decline the Department's invitation to create

conditions that would further strain relations between the Legislative and

Executive Branches, and interfere with the orderly consideration by the Judiciary

of the constitutionality of DOMA Section 3 and Section 101; and grant the House's

motion to intervene as a full party defendant.

## CONCLUSION

For all the reasons stated above and earlier, the House's Motion to Intervene

should be granted.

Respectfully submitted,

By:  */s/ Paul D. Clement*
Paul D. Clement

BANCROFT PLLC

*Counsel for Proposed Intervenor-Defendant
the Bipartisan Legal Advisory Group of the
U.S. House of Representatives*

April 17, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2012, I electronically filed the foregoing Reply to Executive Branch Defendants' Response to Unopposed Motion of the Bipartisan Legal Advisory Group of the U.S. House of Representatives for Leave to Intervene with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to the following attorneys of record through the Court's CM/ECF system:

Caren E. Short
Joseph J. Levin, Jr.
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL  36104
caren.short@splcenter.org
joe.levin@splcenter.org

Christine P. Sun
ACLU of Southern California
1616 Beverly Boulevard
Los Angeles, CA  90026
christine.sun@splcenter.org

Eugene Marder
WILMER CUTLER PICKERING HALE & DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
eugene.marder@wilmerhale.com

Matthew D. Benedetto
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue Suite 2100
Los Angeles, CA  90071
matthew.benedetto@wilmerhale.com

1

2   Randall R. Lee
    WILMER CUTLER PICKERING HALE & DORR LLP
3   350 South Grand Avenue Suite 2100
4   Los Angeles, CA  90071
    randall.lee@wilmerhale.com
5

6   Jean Lin, Trial Attorney
    US DEPARTMENT OF JUSTICE
7   Civil Division - Federal Programs Branch
8   20 Massachusetts Avenue NW
    Washington, DC  20530
9   jean.lin@usdoj.gov

10

11                              /s/ Kerry W. Kircher
12                              Kerry W. Kircher

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28