Paul D. Clement (DC Bar 433215)
pclement@bancroftpllc.com
H. Christopher Bartolomucci (DC Bar 453423)
cbartolomucci@bancroftpllc.com
Conor B. Dugan (DC Bar 1006458)
cdugan@bancroftpllc.com
Nicholas J. Nelson (DC Bar 1001696)
nnelson@bancroftpllc.com

BANCROFT PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C.  20036
202-234-0090 (telephone)
202-234-2806 (facsimile)

*Of Counsel:*
Kerry W. Kircher, General Counsel (DC Bar 386816)
Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (DC Bar 482949)
William.Pittard@mail.house.gov
Christine Davenport, Senior Assistant Counsel (NJ Bar 043682000)
Christine.Davenport@mail.house.gov
Kirsten W. Konar, Assistant Counsel (DC Bar 979176)
Kirsten.Konar@mail.house.gov
Todd B. Tatelman, Assistant Counsel (VA Bar 66008)
Todd.Tatelman@mail.house.gov
Mary Beth Walker, Assistant Counsel (DC Bar 501033)
MaryBeth.Walker@mail.house.gov

OFFICE OF GENERAL COUNSEL,
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Proposed Intervenor-Defendant the Bipartisan
Legal Advisory Group of the U.S. House of Representatives*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Western Division**

|  |  |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 2:12-cv-00887-CBM (AJWx) <br><br> **REPLY TO PLAINTIFFS' RESPONSE TO UNOPPOSED MOTION OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES FOR LEAVE TO INTERVENE** <br><br> Hearing:          May 7, 2012 <br> Time:              10:00 am <br> Hon. Consuelo B. Marshall |

On April 2, 2012, the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House") moved for leave to intervene as a party-defendant for the purpose of defending against plaintiffs' equal protection challenges two Acts of Congress – Section 3 of the Defense of Marriage Act, Pub. L. No. 104-109, 110 Stat. 2419 (1996) ("DOMA"), codified at 1 U.S.C. § 7, and 38 U.S.C. § 101(3) & (31) ("Section 101") – that the Department of Justice refuses to defend. *See* Unopposed Mot. of the [House] for Leave to Intervene (Apr. 2, 2012) (ECF No. 17) ("Mot. to Intervene"). Counsel for plaintiffs represented to us at that time that their clients did not oppose the motion. *See* Mot. to Intervene at 3.

1

The plaintiffs now have filed a response to the Motion to Intervene which purports to "reserve" certain issues and questions the House's authority to move to intervene here in the first place. *See* Pls.' Resp. to Mot. of the [House] to Intervene . . . (Apr. 5, 2012) (ECF No. 26) ("Pls.' Resp."). We now reply.

## DISCUSSION

A. Plaintiffs first purport to reserve the right "to challenge the legality of [the House's] participation in this action," presumably at some later date, "including, but not limited to, [the House's] lack of standing to pursue any appeal under Article III of the U.S. Constitution." *Id*. at 2. Of course, no reservation is required for jurisdictional objections of this nature, although common sense and respect for the courts dictate that these too should be raised in a reasonably prompt fashion if a party has any basis for raising them.[1]

To the extent plaintiffs purport to reserve the right to raise at some later date any non-jurisdictional issue, their purported "reservation" fails. Local Rules, not to mention the orderly administration of justice, require that plaintiffs oppose the House's intervention at the time the House seeks such relief if plaintiffs have any basis for doing so. The Rules do not sanction the "wait and see" approach that

---

[1] We have explained at some length elsewhere why the House has standing to intervene here, and why the House, as an intervenor-defendant, would have standing to appeal an adverse ruling. *See* Mem. of P. & A. in Supp. of Unopposed Mot. of [House] for Leave to Intervene at 17-21 (April 2, 2012) (ECF No. 19) ("House Intervention Memo"); Reply to Executive Branch Defs.' Resp. to Unopposed Mot. of the [House] for Leave to Intervene at 4-5 (Apr. 17, 2012) (ECF No. 31). We incorporate those arguments here.

plaintiffs appear to envision, and generic statements that plaintiffs reserve the right

"to challenge the legality of [the House]'s participation," *id*. at 2 – whatever that

means – do not relieve them of their procedural obligations under this Court's

Local Rules.  *See, e.g.*, L. Civ. R. 7-9 ("Each opposing party shall, [at specified

dates], serve [opposing papers] upon all other parties . . . ."); L. Civ. R. 7-12 ("The

Court may decline to consider any memorandum . . . not filed within the deadline

set by . . . local rule. The failure to file any required paper . . . within the deadline[]

may be deemed consent to the granting . . . of the motion."); *People of Cal., ex rel.*

*Swim v. Dist. Dir.*, No. 02–00495, 2002 WL 1988181, at *1 (C.D. Cal. July 8,

2002) ("Under Local Rule 7–9, a party must file opposition papers no later than 14

days before the date designated for the hearing of the motion.  Failure to do so,

under Local Rule 7–12, may result in a finding that the party has consented to

granting the motion."); *City of Santa Clarita v. U.S. Dep't of Interior*, No. 02-

00697, 2006 WL 4743970, at *11 (C.D. Cal. Jan. 30, 2006) (plaintiffs' claims

"abandoned and waived" where "Plaintiffs ha[d] no legal basis for reserving

argument on any claims for relief" and briefing schedule was "expressly stipulated

to").[2]

Inasmuch as plaintiffs specifically have not opposed the relief the House

---

[2] *Cf. Safeco Ins. Co. v. Rawstrom*, 183 F.R.D. 668, 671-72 (C.D. Cal. 1998)
("[Discovery] [o]bjections not interposed in a timely initial response may not be held in reserve
and interposed after the period allowed for response by [the Federal Rules of Civil Procedure].").

seeks here, they have forfeited the opportunity to raise later any non-jurisdictional

argument against the House's intervention.

B.  We explained earlier that, on March 9, 2011 – after the Attorney General

announced in February 2011 that the Department would abandon its constitutional

responsibility to defend DOMA Section 3 against equal protection challenges – the

House determined to defend that statute in civil actions in which Section 3's

constitutionality has been challenged.  *See* House Intervention Memo at 3-5.  We

also explained that, after the Attorney General announced one year later that the

Department also would abandon its constitutional responsibility to defend Section

101 against equal protection challenges, the House determined that it would defend

that statute in this and other cases in which Section 101's constitutionality has been

challenged.  *Id*. at 5-6.

Notwithstanding the House's explicit and unambiguous representations to

the Court regarding its decision to defend Section 101, which representations are

entitled to respect here,[3] and notwithstanding plaintiffs' own admission that such a

decision was in fact made – *see* Pls.' Resp. at 4 (some Members of the Bipartisan

---

[3]  *See Zivotofsky v. Clinton*, --- U. S. ---, 132 S. Ct. 1421, 1433, --- L. Ed. 2d --- (2012) (Sotomayor, J., concurring in part and in judgment) ("Because of the respect due to a coequal and independent department . . . , courts properly resist calls to question the good faith with which another branch attests to the authenticity of its internal acts."); *United States v. Munoz-Flores*, 495 U.S. 385, 409-10, 110 S. Ct. 1964, 109 L. Ed. 2d 384 (1990) (Scalia, J., concurring in judgment) ("Mutual regard between the coordinate branches, and the interest of certainty, both demand that official representations regarding . . . matters of internal process be accepted at face value.").

Legal Advisory Group "have called upon the other members . . . to rescind *the decision to defend the constitutionality of [Section 101]* in this and similar cases") (emphasis added) – plaintiffs now question the House's authority to intervene here to defend Section 101.  Specifically, plaintiffs say "[the House's] intervention [to defend the constitutionality of Section 101 in this case] would appear to exceed the scope of the resolution authorizing [the House]'s participation in the myriad cases challenging the constitutionality of [DOMA] Section 3," because (plaintiffs claim) not all Members of the Bipartisan Legal Advisory Group were "consulted" and "no formal vote was taken."  *Id*. at 3.[4]

Plaintiffs seem to be saying one or more of the following:  (1) the Speaker, as a factual matter, did not "consult" with all Members of the Bipartisan Legal Advisory Group regarding Section 101; or (2) the decision the House made in March 2011, to defend DOMA Section 3 does not permit it also to defend Section 101 in this case; or (3) having once made a decision to defend DOMA Section 3, the House can never thereafter decide to defend another statute that the Department declines to defend; or (4) the House can only decide in one particular procedural manner – i.e., the manner the House utilized in March 2011 – to defend the constitutionality of statutes whose defense the Department has abandoned; and (5)

---

[4]  The "resolution" to which plaintiffs refer was not a "resolution" at all.  It was a simple motion, as plaintiffs' own papers indicate.  *See* Pls.' Resp., Ex. 1 (ECF No. 26-1).

how the House determines whether to defend the constitutionality of Acts of

Congress whose defense the Executive Branch has abandoned is somehow the

concern of the plaintiffs and/or the courts.

Regardless of whichever one or more of these things plaintiffs are saying,

they are wrong for the following three reasons.

● The Bipartisan Legal Advisory Group is entirely the creature of the House

of Representatives and its Rules.  The Group exists for the purpose of assisting the

Speaker in providing direction to the House General Counsel.  *See* Rule II.8, Rules

of the House of Representatives, 112th Cong. (2011) ("The Office of the General

Counsel shall function pursuant to the direction of the Speaker, who shall consult

with a Bipartisan Legal Advisory Group, which shall include the majority and

minority leaderships."), attached as Ex. 1.  Rule II.8, like the other rules of the

House, was adopted pursuant to the Rulemaking Clause, U.S. Const., art. I, § 5, cl.

2, which is a "broad grant of authority," *Consumer's Union v. Periodical

Correspondent's Ass'n*, 515 F.2d 1341, 1343 (D.C. Cir. 1975), that sits "[a]t the

very core of our constitutional separation of powers." *Walker v. Jones*, 733 F.2d

923, 938 (D.C. Cir. 1984) (MacKinnon, J., concurring in part and dissenting in

part).  The Supreme Court has made perfectly clear that while House Rules may

not ignore constitutional restraints or violate fundamental rights, they otherwise are

"absolute and beyond the challenge of any other body or tribunal." *United States v. Ballin*, 144 U.S. 1, 5 (1892).

It follows, therefore, that determining how to interpret and apply Rule II.8 – and, in particular, determining what constitutes appropriate "consult[ation]" under that Rule – are internal matters for the House, and the House alone, to decide. Accordingly, plaintiffs' assertion (5) – that how the House determined to defend the constitutionality of Section 101 in this case is somehow the concern of the plaintiffs and/or the courts – is incorrect. For the same reason, plaintiffs' assertions (3) and (4) – that having once decided to defend DOMA Section 3, the House can never thereafter decide to defend another statute that the Department declines to defend; and that the House is required to use only the procedure it used in March 2011, to determine whether to defend the constitutionality of statutes whose defense the Department has abandoned – also are manifestly incorrect.

● Plaintiffs' assertion (2) – that the decision the House made in March 2011 to defend DOMA Section 3 does not permit it to defend Section 101 here – also is wrong.

The House's March 2011 decision to defend DOMA Section 3 – which was taken formally by the Speaker and Bipartisan Legal Advisory Group, pursuant to a written motion – directs the House General Counsel to "take such steps as he considers appropriate . . . to protect the interest of the House in litigation in which

the Attorney General has ceased to defend the constitutionality of section 3 of the Defense of Marriage Act." Pls.' Resp., Ex. 1.

The plaintiffs in this case plainly have challenged the constitutionality of DOMA Section 3, Compl. for Declaratory, Injunctive, and Other Relief ¶¶ 57, 69 (Feb. 1, 2012) (ECF No. 1), and the Department plainly has ceased to "defend the constitutionality of section 3 of [DOMA]," including in this case. *See* Notice to the Court (Feb. 24, 2012) (ECF No. 16). Therefore, the House's Motion to Intervene falls squarely within the plain language of the March 2011 authorizing motion, notwithstanding that the House's defense of Section 3 here also will entail the defense of a parallel statutory provision (i.e., Section 101) that uses the same definition as DOMA and performs the same function in its respective statutory scheme.

Insofar as the House is concerned – and, for the reasons stated above, the scope of the March 2011 authorization motion concerns the House, and only the House, *see supra* p. 6-7 – no additional authorization was necessary.

● Finally, even if some further procedure were necessary (which it is not), and even if that were a proper matter of inquiry for plaintiffs and/or for the courts (which it is not), plaintiffs' assertion (1) – that the Speaker did not "consult" with all Members of the Bipartisan Legal Advisory Group in deciding to defend Section 101 – is inaccurate. The staff representatives for each Member of the Bipartisan

Legal Advisory Group were consulted, and that consultation was wholly in conformity with the method by which the Group "routinely and customarily makes decisions." Memorandum to File from Jo-Marie St. Martin, General Counsel/Chief of Legislative Operations for the Speaker of the House (April 16, 2012), attached as Ex. 2.[5]

C.  Finally, we are constrained to point out that, notwithstanding plaintiffs' avowal that "the President and Attorney General have *determined* that [Sections 3 and 101] are unconstitutional," Pls.' Resp. at 4 (emphasis added) – that "determination" is legally meaningless. While the Department can, as a practical matter, abandon its constitutional responsibilities and refuse to defend duly-enacted federal statutes, as it has here, the responsibility for determining whether a statute is consistent with the Constitution remains, under our system of government, the province of the judiciary. *See* U.S. Const. art. III; *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177-80, 2 L. Ed. 60 (1803). The Department itself recently acknowledged as much: "Where a plaintiff properly invokes the

---

[5]  We noted earlier – and plaintiffs do not appear to dispute – that, while the Bipartisan Legal Advisory Group strives for unanimity, it functions on a majoritarian basis, like the institution it represents, when unanimity cannot be achieved. *See* Mot. to Intervene at 2 n.1; *see also* Br. *Amicus Curiae* of the Bipartisan Legal Advisory Group . . . in Supp. of Affirm., at *1 n.2, *Dickerson v. United States*, No. 99-5525, 2000 WL 271995 (S. Ct. Mar. 9, 2000) (Bipartisan Legal Advisory Group as *amicus*; two Members declined to support filing of brief); Br. of the Speaker & Bipartisan Leadership Group, at *1 n.1, *Bowsher v. Synar*, Nos. 85-1377, 85-1378 & 85-1379, 1985 WL 669479 (S. Ct. Mar. 19, 1986) (Bipartisan Legal Advisory Group as intervenor-appellant; one Member declined to support intervention).

jurisdiction of a court and presents a justiciable challenge, there is no dispute that courts properly review the constitutionality of Acts of Congress." Letter from Eric H. Holder, Jr., Att'y Gen. to Hon. Jerry E. Smith, Emilio M. Garza, & Leslie H. Southwick, Cir. Js. at 2, *Physician Hosps. of Am. v. Sebelius*, No. 11-40631 (5th Cir. Apr. 5, 2012) (ECF No. 00511812922).

## CONCLUSION

For all the reasons stated above and earlier, the House's Motion to Intervene should be granted.

Respectfully submitted,

By: */s/ Paul D. Clement*
Paul D. Clement

BANCROFT PLLC

*Counsel for Proposed Intervenor-Defendant*
*the Bipartisan Legal Advisory Group of the*
*U.S. House of Representatives*

April 17, 2012

1

**CERTIFICATE OF SERVICE**

2

3          I hereby certify that on April 17, 2012, I electronically filed the foregoing

4    Reply to Plaintiffs' Response to Unopposed Motion of the Bipartisan Legal

5    Advisory Group of the U.S. House of Representatives for Leave to Intervene with

6

7    the Clerk of Court by using the CM/ECF system, which provided an electronic

8    notice and electronic link of the same to the following attorneys of record through

9    the Court's CM/ECF system:

10

11                     Caren E. Short
                       Joseph J. Levin, Jr.
12                     SOUTHERN POVERTY LAW CENTER
                       400 Washington Avenue
13                     Montgomery, AL  36104
14                     caren.short@splcenter.org
                       joe.levin@splcenter.org
15

16                     Christine P. Sun
                       ACLU of Southern California
17                     1616 Beverly Boulevard
18                     Los Angeles, CA  90026
                       christine.sun@splcenter.org
19

20                     Eugene Marder
                       WILMER CUTLER PICKERING HALE & DORR LLP
21                     950 Page Mill Road
22                     Palo Alto, CA  94304
                       eugene.marder@wilmerhale.com
23

24                     Matthew D. Benedetto
                       WILMER CUTLER PICKERING HALE & DORR LLP
25                     350 South Grand Avenue Suite 2100
26                     Los Angeles, CA  90071
                       matthew.benedetto@wilmerhale.com
27

28

Randall R. Lee
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue Suite 2100
Los Angeles, CA  90071
randall.lee@wilmerhale.com

Jean Lin, Trial Attorney
US DEPARTMENT OF JUSTICE
Civil Division - Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC  20530
jean.lin@usdoj.gov

*/s/ Kerry W. Kircher*
Kerry W. Kircher