# Exhibit 2

JOHN A. BOEHNER
OHIO

SPEAKER

WASHINGTON OFFICE:
H–232 U.S. CAPITOL BUILDING
WASHINGTON, DC 20515
(202) 225–0600



# Congress of the United States
## House of Representatives

### MEMORANDUM

TO:       File
FROM:   Jo-Marie St. Martin, General Counsel/Chief of Legislative Operations
DATE:   April 16, 2012
RE:       *Cooper-Harris, et al. v. United States, et al.*, 12-cv-0887 (C.D. Cal.)

      On March 9, 2011, the Speaker met with the other four Members of the Bipartisan Legal Advisory Group to consult on the issue of whether the Group should defend the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA") – which defines "marriage" and "spouse" for purposes of federal law generally – after the President and Attorney General announced that the Department of Justice no longer would do so. At that time, the Bipartisan Legal Advisory Group decided, by a majority vote, that the Speaker should direct the House General Counsel to defend the interests of the House in litigation in which the Department of Justice has ceased to defend the constitutionality of Section 3 of DOMA, and the Speaker so directed the House General Counsel. Subsequently, the Bipartisan Legal Advisory Group sought, and was granted, leave to intervene in a number of cases around the country in which DOMA Section 3's constitutionality was at issue.

      On February 1, 2012, a complaint was filed in the case of *Cooper-Harris, et al. v. United States, et al.*, No. 12-cv-0887 (C.D. Calif.). The *Cooper-Harris* plaintiffs challenge the constitutionality on equal protection grounds of DOMA Section 3, *and* 38 U.S.C. § 101(3), (31), which defines "surviving spouse" and "spouse" for purposes of Title 38 of the U.S. Code. Thereafter, I, in my capacity as General Counsel to the Speaker, consulted with the staff representatives of the other four Members of the Bipartisan Legal Advisory Group regarding the Group's defense of Section 3 of DOMA in cases in which that statute's constitutionality has been challenged and, in particular, whether to defend the constitutionality of 38 U.S.C. § 101(3), (31) in such cases. Those four representatives are Nicole Gustafson, Senior Policy Advisor to the Majority Leader; Steve Pinkos, Policy Director and Counsel to the Majority Whip; Bernard Raimo Jr., Counsel to the Democratic Leader; and Keith Abouchar, Senior Policy Advisor to the Democratic Whip. I, Ms. Gustafson, Mr. Pinkos, Mr. Raimo, and Mr. Abouchar have been the staff representatives of our respective leaders to the Bipartisan Legal Advisory Group since the beginning of the 112th Congress in January 2011.

      Specifically, on Thursday, March 29, 2012, I spoke by telephone with Messrs. Raimo and Abouchar who indicated that the Democratic Leader and Democratic Whip, respectively, did not agree that the Bipartisan Legal Advisory Group should defend the constitutionality of 38 U.S.C. § 101(3), (31) (just as they had not agreed earlier that the Group should defend Section 3 of DOMA). Earlier, I had discussed the same issue with Ms. Gustafson and Mr. Pinkos who indicated that the Majority Leader and Majority Whip, respectively, concurred with the Speaker that the Bipartisan Legal Advisory Group should defend the constitutionality of 38 U.S.C. § 101(3), (31).

Page 2
Memorandum to File
*Cooper-Harris*
April 16, 2012

  As a result of these consultations, a majority of the Bipartisan Legal Advisory Group indicated that they favored the Group defending the constitutionality of 38 U.S.C. § 101(3), (31) in cases in which that statute's constitutionality has been challenged, and I, on behalf of the Speaker, so directed the House General Counsel on Thursday, March 29, 2012.

  The consultation described in the preceding paragraph, while it is not the only manner in which consultation may occur, is the method by which the Bipartisan Legal Advisory Group routinely and customarily makes decisions. Accordingly, appropriate consultation preceded the Bipartisan Legal Advisory Group's decisions to defend the constitutionality of both DOMA Section 3 and 38 U.S.C. § 101(3), (31).