Paul D. Clement (DC Bar 433215)
pclement@bancroftpllc.com
H. Christopher Bartolomucci (DC Bar 453423)
cbartolomucci@bancroftpllc.com
Conor B. Dugan (DC Bar 1006458)
cdugan@bancroftpllc.com
Nicholas J. Nelson (DC Bar 1001696)
nnelson@bancroftpllc.com

BANCROFT PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C.  20036
202-234-0090 (telephone)
202-234-2806 (facsimile)

*Of Counsel:*
Kerry W. Kircher, General Counsel (DC Bar 386816)
Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (DC Bar 482949)
William.Pittard@mail.house.gov
Christine Davenport, Senior Assistant Counsel (NJ Bar 043682000)
Christine.Davenport@mail.house.gov
Kirsten W. Konar, Assistant Counsel (DC Bar 979176)
Kirsten.Konar@mail.house.gov
Todd B. Tatelman, Assistant Counsel (VA Bar 66008)
Todd.Tatelman@mail.house.gov
Mary Beth Walker, Assistant Counsel (DC Bar 501033)
MaryBeth.Walker@mail.house.gov

OFFICE OF GENERAL COUNSEL,
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Intervenor-Defendant the Bipartisan
Legal Advisory Group of the U.S. House of Representatives*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Western Division**

|  |  |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS, <br><br>        Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br>        Defendants. | No. 2:12-cv-00887-CBM (AJWx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION OF INTERVENOR - DEFENDANT TO STAY PROCEEDINGS** <br><br> Hearing:   July 2, 2012 <br> Time:       11:00 am <br> Hon. Consuelo B. Marshall |

Plaintiffs, a same-sex couple married under California law, challenge on equal protection grounds the constitutionality of (i) Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, and (ii) 38 U.S.C. § 101(3) & (31), in the context of claims for veterans benefits. *See* Compl. for Declaratory, Injunctive, and Other Relief ¶¶ 3, 6-11, 65, 69, Prayer for Relief (Feb. 1, 2012) (ECF No. 1) ("Compl.").

DOMA Section 3 provides:

> In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.

1 U.S.C. § 7. Sections 101(3) and (31) of title 38 are similar (albeit limited in their reach to one title of the U.S. Code); those sections provide, respectively, that:

> (3) The term "surviving spouse" means . . . a person of the opposite sex who was the spouse of a veteran at the time of the veteran's death, and who lived with the veteran continuously from the date of marriage to the date of the veteran's death . . . .
>
> (31) The term "spouse" means a person of the opposite sex who is a wife or husband.

On February 22, 2012, the U.S. District Court for the Northern District of California held that DOMA Section 3 violates the equal protection component of the Fifth Amendment's Due Process Clause. *See* Order, *Golinksi v. U.S. Office of Pers. Mgmt.*, No. 10-cv-00257 (N.D. Cal. Feb. 22, 2012) (ECF No. 186). The House promptly appealed, *see* [House]'s Notice of Appeal, *Golinksi v. U.S. Office of Pers. Mgmt.*, No. 10-cv-00257 (N.D. Cal. Feb. 24, 2012) (ECF No. 188), and the Ninth Circuit has expedited consideration of that appeal. *See* Order at 3, *Golinski v. U.S. Office of Pers. Mgmt.*, Nos. 12-15388 & 12-15409 (9th Cir. Apr. 11, 2012) (ECF No. 22) (briefing to be completed by July 31, 2012); Order at 2, *Golinski v. U.S. Office of Pers. Mgmt.*, Nos. 12-15388 & 12-15409 (9th Cir. May 22, 2012) (ECF No. 34) (oral argument scheduled for week of September 10, 2012).

Accordingly, the Court should stay consideration of this case pending the Ninth Circuit's ruling in *Golinksi* because:

- plaintiffs can prevail here only if the Court holds unconstitutional *both* DOMA Section 3 *and* the title 38 provisions as violative of the equal protection component of the Due Process Clause, *see* Complaint ¶ 55;
- the issue of DOMA Section 3's constitutionality under the equal protection component of the Due Process Clause is squarely before the Ninth Circuit in *Golinski*;[1]

---

[1] *See* [House] Mediation Questionnaire, *Golinski v. U.S. Office of Pers. Mgmt.*, No. 12-15388 (9th Cir. Mar. 1, 2012) (ECF No. 4-1) (describing issue on
(*Continued . . .*)

- the Ninth Circuit's ruling will almost certainly inform, and may well be dispositive of, this Court's disposition of the plaintiffs' equal protection claims as to both DOMA Section 3 and 38 U.S.C. § 101(3) & (31); and
- the Ninth Circuit has expedited consideration of the *Golinski* appeal.

## ARGUMENT

This Court has substantial discretion to grant a stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (federal court's decision whether to abstain from a case "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'").

The determination of whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In determining whether a stay is appropriate, the Court should consider (1) the possible damage which may result from granting the stay; (2) the hardship to the parties if the suit is allowed to proceed; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These factors strongly counsel in favor of a stay in this case.

---

appeal as follows: "[The House] asserts that Ms. Golinski's motion for summary judgment should have been denied, and its motion to dismiss should have been granted, because Section 3 of DOMA does not violate Plaintiff's rights under the equal protection component of the Fifth Amendment's Due Process Clause.").

The overriding consideration here is that the DOMA Section 3 issue being considered by the Ninth Circuit in *Golinski* is legally *identical* to the DOMA Section 3 issue raised by the plaintiffs here. Accordingly, it is virtually certain that a ruling by the Ninth Circuit in *Golinski* on the merits of Section 3's constitutionality will significantly inform this Court's determination of the merits of plaintiffs' claims. Indeed, the ruling in *Golinski* likely will be directly controlling here on the issue of DOMA Section 3's constitutionality. Moreover, because the definitional language in 38 U.S.C. § 101(3) & (31) differs so little from the language of DOMA Section 3,[2] the ruling in *Golinski* likely will shed considerable light on the question of the constitutionality of 38 U.S.C. § 101(3) & (31), even if that ruling is not directly controlling as to those provisions.[3]

While it is impossible to predict with certainty when the Ninth Circuit actually will decide the *Golinski* appeal, that Court has signaled quite clearly that it intends to move expeditiously. *See* Order at 3, *Golinski v. U.S. Office of Pers. Mgmt.*, Nos. 12-15388 & 12-15409 (9th Cir. Apr. 11, 2012) (ECF No. 22); Order at 2, *Golinski v. U.S. Office of Pers. Mgmt.*, Nos. 12-15388 & 12-15409 (9th Cir. May 22, 2012) (ECF No. 34).

Under these circumstances, the balance tilts decidedly in favor of a stay here. *See, e.g.*, *Hosp. of Barstow, Inc. v. Sebelius*, No. 11-cv-10638, 2012 WL 893784, at *2-3 (C.D. Cal. Mar. 13, 2012) (granting HHS Secretary's motion for

---

[2] *See* Letter from Eric H. Holder, Jr., Att'y Gen., to the Honorable John A. Boehner, Speaker, U.S. House of Representatives at 2 (Feb.17, 2012) (equating 38 U.S.C. § 101 (3) & (31) with DOMA Section 3), attached as Exhibit 3 to Notice to the Court (Feb. 24, 2012) (ECF No. 16).

[3] A stay would be appropriate even if the Ninth Circuit's ruling in *Golinski* on the equal protection issue before it was not likely to be controlling here. *See, e.g.*, *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (enough that independent proceeding "bear upon the [instant] case").

stay where issues in case were before Ninth Circuit in another case; stay would promote judicial economy).

Another case challenging both DOMA Section 3 and 38 U.S.C. § 101(3) & (31) filed last October in the District of Massachusetts, *McLaughlin v. Panetta*, No. 1:11-cv-11905 (D. Mass.),[4] has been stayed since February 27, 2012, because the First Circuit – like the Ninth Circuit in *Golinski* – now is considering the issue of DOMA Section 3's constitutionality under the equal protection component of the Due Process Clause in *Massachusetts v. U.S. Department of Health & Human Services*, Nos. 10-2204, 10-2207 & 10-2214 (1st Cir.).  *See* Electronic Order, *McLaughlin v. Panetta*, No. 1:11-cv-11905 (D. Mass. Feb. 15, 2012) (granting motion to stay case for 60 days); Electronic Order, *McLaughlin v. Panetta*, No. 1:11-cv-11905 (D. Mass. April 22, 2012) (granting motion to stay defendants' obligations to respond to complaint and to plaintiffs' summary judgment motion until 21 days after First Circuit rules in *Massachusetts v. HHS*); *see also* Electronic Order, *McLaughlin v. Panetta*, No. 1:11-cv-11905 (D. Mass Apr. 12, 2012) (denying plaintiffs' motion to force House to move to intervene within nine days: "In light of the current posture of the case, the court sees no reason to set such a deadline.").

This Court should follow the *McLaughlin* Court's lead; postponing briefing and argument on the merits until the Ninth Circuit rules in *Golinski* makes sense for the Court and makes sense for the parties.

---

[4] *McLaughlin*, like this case, challenges DOMA Section 3 and 38 U.S.C. § 101(3) & (31) (among other provisions) on equal protection grounds.  *See* Compl. for Declaratory, Injunctive and Other Relief ¶¶ 3, 13, 14, 128, 139, 144; "WHEREFORE" Clauses (a), (b), *McLaughlin v. Panetta*, No. 1:11-cv-11905 (D. Mass. Oct. 27, 2011) (ECF No. 1).

## CONCLUSION

For all the foregoing reasons, the House's Motion to Stay Proceedings should be granted.

Respectfully submitted,

By: /s/ Paul D. Clement
Paul D. Clement

BANCROFT PLLC[5]

*Counsel for Intervenor-Defendant the Bipartisan Legal Advisory Group of the U.S. House of Representatives*

May 29, 2012

---

[5] Kerry W. Kircher, as ECF filer of this document, attests that concurrence in the filing of the document has been obtained from signatory Paul D. Clement.

**CERTIFICATE OF SERVICE**

I certify that on May 29, 2012, I electronically filed the foregoing Memorandum of Points and Authorities in Support of Motion of Intervenor-Defendant to Stay Proceedings with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to the following attorneys of record through the Court's CM/ECF system:

Caren E. Short, Esquire
Christine P. Sun, Esquire
Joseph J. Levin, Jr., Esquire
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
caren.short@splcenter.org
christine.sun@splcenter.org
joe.levin@splcenter.org

Daniel S. Noble, Esquire
WILMER CUTLER PICKERING HALE & DORR LLP
399 Park Avenue
New York City, New York 10022
daniel.noble@wilmerhale.com

Eugene Marder, Esquire
WILMER CUTLER PICKERING HALE & DORR LLP
950 Page Mill Road
Palo Alto, California 94304
eugene.marder@wilmerhale.com

| | |
|---|---|
| 1 | Randall R. Lee, Esquire |
| 2 | Matthew D. Benedetto, Esquire |
| | WILMER CUTLER PICKERING HALE & DORR LLP |
| 3 | 350 South Grand Avenue Suite 2100 |
| | Los Angeles, California  90071 |
| 4 | randall.lee@wilmerhale.com |
| 5 | matthew.benedetto@wilmerhale.com |

Jean Lin, Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, Northwest
Washington, District of Columbia  20530
jean.lin@usdoj.gov

          */s/ Mary Beth Walker*
          Mary Beth Walker