JOSEPH J. LEVIN, JR. (*Pro Hac Vice*)
joe.levin@splcenter.org
CHRISTINE P. SUN (SBN 218701)
christine.sun@splcenter.org
CAREN E. SHORT (*Pro Hac Vice*)
caren.short@splcenter.org
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Telephone:  (334) 956-8200
Facsimile:   (334) 956-8481

(*Caption Continued on Next Page*)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

| | |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS, | Case No.  CV12-887 CBM (AJWx) |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO STAY** |
| v. | Hearing Date:    July 23, 2012 |
| UNITED STATES OF AMERICA; ERIC H. HOLDER, JR., in his official capacity as Attorney General; and ERIC K. SHINSEKI, in his official capacity as Secretary of Veterans Affairs, | Time:           10:00 a.m. |
| | Judge:    Hon. Consuelo B. Marshall |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

*(sidebar)* **Wilmer Cutler Pickering Hale and Dorr LLP**
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1  RANDALL R. LEE (SBN 152672)
   randall.lee@wilmerhale.com
2  MATTHEW BENEDETTO (SBN 252379)
   matthew.benedetto@wilmerhale.com
3  WILMER CUTLER PICKERING HALE AND DORR LLP
   350 South Grand Avenue, Suite 2100
4  Los Angeles, CA 90071
   Telephone:  (213) 443-5300
5  Facsimile:  (213) 443-5400

6  ADAM P. ROMERO (*Pro Hac Vice*)
   adam.romero@wilmerhale.com
7  WILMER CUTLER PICKERING HALE AND DORR LLP
   399 Park Avenue
8  New York, NY 10022
   Telephone:  (212) 230-8800
9  Facsimile:  (212) 230-8888

10 EUGENE MARDER (SBN 275762)
   eugene.marder@wilmerhale.com
11 WILMER CUTLER PICKERING HALE AND DORR LLP
   950 Page Mill Road
12 Palo Alto, California 94304
   Telephone:  (650) 858-6000
13 Facsimile:  (650) 858-6100

14 Attorneys for Plaintiffs
   TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Wilmer Cutler Pickering Hale and Dorr LLP*
*350 South Grand Avenue, Suite 2100*
*Los Angeles, California 90071*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. 4

I.     INTRODUCTION ................................................................................. 6

II.    BACKGROUND ................................................................................... 7

       A.    Factual and Procedural History ............................................... 7

       B.    Plaintiffs' Current Financial Status and Tracey's Medical Condition .. 9

             1.    Plaintiffs' Financial Status ........................................ 9

             2.    Tracey's Medical Condition ..................................... 11

III.   ARGUMENT ..................................................................................... 11

       A.    Legal Standard ....................................................................... 11

       B.    BLAG Has Failed To Identify A Single Hardship or Inequity In Being Required To Go Forward, Whereas Plaintiffs Will Suffer Significant Harm If This Proceeding Is Stayed ..................................... 12

             1.    BLAG Has Failed To Identify A Single Hardship Or Inequity In Being Required To Go Forward ........................... 13

             2.    *Golinski* Does Not Concern Title 38 And May Not Resolve Plaintiffs' DOMA Claim ............................... 15

             3.    Final Resolution of *Golinski* By The Ninth Circuit Will Likely Take An Extended Amount Of Time ................... 17

             4.    The Potential Harm To Tracey And Maggie Cooper-Harris From A Stay Outweighs Any Burden to BLAG ...................... 19

IV.    CONCLUSION ................................................................................. 22

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

3

<div style="writing-mode: vertical">Wilmer Cutler Pickering Hale and Dorr LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, California 90071</div>

# TABLE OF AUTHORITIES

<u>Federal Cases</u>

*Abassi v. BAE Systems Information*,
No. 10-CV-1745, 2010 WL 4443340 (S.D. Cal. Nov. 1, 2010) ..............21

*ASUSTek Computer Inc. v. Ricoh Co.*,
No. C 07-01942, 2007 WL 4190689 (N.D. Cal. Nov. 21, 2007)......18, 21

*Cassirer v. Thyssen-Bornemisza*,
No. 06-56325 (9th Cir.) ..............19

*CMAX, Inc. v. Hall*,
300 F.2d 265, 268 (9th Cir. 1962) ..............12

*Commonwealth of Massachusetts v. U.S. Dep't of Health & Human Serv's & Gill v. Office of Personnel Mgmt.*,
Nos. 10-2207 & 10-2214, 2012 WL 1948017 (1st Cir. May 31, 2012) ..............17

*Dairy Am., Inc. v. New York Marine & Gen. Ins. Co.*,
No. 07-CV-0537, 2009 WL 5218037 (E.D. Cal. Dec. 29, 2009) ..............21

*Dependable Highway Exp. Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007)..............15, 18

*Dragovich v. U.S. Dep't of the Treasury*,
No. C 10-1564, 2012 WL 1909603 (N.D. Cal. May 24, 2012) ..............17

*Frontiero v. Richardson*,
411 U.S. 677 (1973) ..............9

*Garcia v. Benov*,
No. 09-56999 (9th Cir.) ..............19

*Golinski v. U.S. Office of Personnel Mgmt.*,
824 F. Supp. 2d 968 (N.D. Cal. 2012) ..............15

*Golinski v. U.S. Office of Personnel Mgmt.*,
Nos. 12-15388 & 12-15409 (9th Cir.)..............*passim*

*Harrison v. Gillespie*,
No. 08-16602 (9th Cir.) ..............19

*Hospital of Barstow, Inc. v. Sebelius*,
No. CV 11-10638, 2012 WL 893784 (C.D. Cal. Mar. 13, 2012) ..............21

*Landis v. North American Co.*,
299 U.S. 248 (1936) ..............11, 12, 13, 22

*Lee v. Lampert*,
No. 09-35276 (9th Cir.) ..............19

4

*Leyva v. Certified Grocers of California, Ltd.*,
593 F.2d 857 (9th Cir. 1979)...................................................................18

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005)..................................12, 13, 14, 15, 18

*McLaughlin v. Panetta*,
No. 11-cv-11905 (D. Mass.)......................................................................21

*Murphy v. Target Corp.*,
No. 09-CV-1436, 2010 WL 5101075 (S.D. Cal. Dec. 9, 2010)...............21

*Perry v. Brown*,
671 F.3d 1052 (9th Cir. 2012)..................................................................17

*Williford v. Armstrong World Indus., Inc.*,
715 F.2d 124 (4th Cir. 1983)...........................................................12, 20

*Windsor v. United States*,
No. 10 Civ. 8435, 2012 WL 2019716 (S.D.N.Y. June 6, 2012)...............17

*Yong v. INS*,
208 F.3d 8435 (9th Cir. 2000)..................................................................18

Federal Statutes

1 U.S.C. § 7 (DOMA).........................................................................*passim*

38 U.S.C. §§ 101(3)..........................................................................*passim*

38 U.S.C. §101(16)...........................................................................*passim*

Other

Letter from Eric H. Holder, Jr., Attorney General, to John Boehner, Speaker of the
U.S. House of Representatives (Feb. 17, 2012) ......................................16

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO STAY**

## I.   INTRODUCTION

By this action, a disabled and decorated United States Army veteran ("Tracey Cooper-Harris") and her same-sex spouse ("Maggie Cooper-Harris") seek recognition by the U.S. Department of Veterans Affairs ("VA") of their lawful marriage so that they may receive the same benefits afforded to other married veterans and their spouses.  Specifically, plaintiffs challenge the constitutionality of two statutes, 38 U.S.C. §§ 101(3) & (31) ("Title 38") and section 3 of 1 U.S.C. § 7 ("Defense of Marriage Act" or "DOMA"), which prevent the federal government from recognizing same-sex marriages, and which *separately* bar Tracey and Maggie from receiving benefits that similarly-situated heterosexual married veterans and their spouses routinely receive.  The on-going denial of these benefits is a significant hardship for Maggie and Tracey because their monthly income barely covers their monthly expenses, which in turn may adversely affect Tracey's medical conditions, including her service-connected multiple sclerosis.

Despite this hardship, Intervenor Bipartisan Legal Advisory Group of the U.S. House of Representatives ("BLAG") asks the Court to stay this proceeding for an indeterminate and extended duration of time (potentially years), in order for two recently-filed related appeals to wind their way through the United States Court of Appeals for the Ninth Circuit (including through resolution of petitions for rehearing and petitions for rehearing *en banc*).  BLAG identifies *no* harm that it would face in proceeding with this case, and instead rests its motion entirely on the possibility that the Ninth Circuit may issue a decision concerning the constitutionality of DOMA in *Golinski v. United States Office of Personnel Management*.  But there is no guarantee that the Ninth Circuit will ultimately rule on the constitutionality of DOMA in *Golinski*; and even if it does, that decision will not be dispositive of Plaintiffs'

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

separate challenge to Title 38, a statute which preceded DOMA and which governs veterans' benefits.  Furthermore, even though the Ninth Circuit expedited the three-judge panel argument in *Golinski*, final resolution of those appeals will not occur in the foreseeable future, particularly given the high likelihood of *en banc* proceedings.

Plaintiffs respectfully submit that a stay is not appropriate in these circumstances – requiring Tracey and Maggie to endure an extended stay would only delay justice while the harm to BLAG of proceeding with this case is non-existent. The Court should deny the motion.[1]

## II.    BACKGROUND

### A.    Factual and Procedural History

Tracey Cooper-Harris served honorably in the United States Army for approximately twelve years, nine in active duty, reaching the rank of Sergeant. (Compl. ¶¶ 2, 20-29, ECF No. 1; Declaration of Tracey Cooper-Harris in Support of Plaintiffs' Opposition to Intervenor-Defendant's Motion to Stay ¶ 4.)  Tracey served both in Operating Enduring Freedom, where she was stationed in Kyrgyzstan, and Operation Iraqi Freedom, where she was stationed in Kuwait and sent on frequent missions into Iraq.  (Compl. ¶¶ 2, 24-27; Tracey Cooper-Harris Decl. ¶ 4.)  For Tracey's distinguished service to the military and our nation, the United States government awarded her with over two dozen medals and commendations.  (Compl. ¶¶ 2, 26, 28; Tracey Cooper-Harris Decl. ¶ 5.)  She was honorably discharged in 2003. (Compl. ¶¶ 2, 29; Tracey Cooper-Harris Decl. ¶ 6.)

Tracey suffers from a number of conditions, including post-traumatic stress disorder ("PTSD") and multiple sclerosis.  (Compl. ¶¶ 4-5; Tracey Cooper-Harris Decl. ¶¶ 7-8, 13-18.)  The VA has determined that those conditions are "service-connected" under 38 U.S.C. §101(16), and accordingly, she receives monthly

---

[1] Plaintiffs request oral argument on the motion.

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1  disability compensation.  (Compl. ¶¶ 4-5, 30, 39; Tracey Cooper-Harris Decl. ¶¶ 7,

2  13.)

3      Tracey married Plaintiff Maggie Cooper-Harris on November 1, 2008, in Van

4  Nuys, California, pursuant to a duly issued marriage license from the State of

5  California.  (Compl. ¶¶ 3, 37; Tracey Cooper-Harris Decl. ¶¶ 3, 9-12; Declaration of

6  Maggie Cooper-Harris in Support of Plaintiffs' Opposition to Intervenor-Defendant's

7  Motion to Stay ¶ 3.)  In April 2011, Tracey attempted to add Maggie as her spouse for

8  purposes of receiving additional dependency compensation that the VA provides to

9  married disabled veterans and other benefits.  (Compl. ¶ 40; Tracey Cooper-Harris

10 Decl. ¶ 34.)  The VA has thus far denied Tracey's claim to add Maggie as her

11 dependent spouse on the ground that pursuant to Title 38, "a veteran may only receive

12 additional compensatory benefits for a spouse of the opposite sex."  (Compl. ¶¶ 41-43;

13 Tracey Cooper-Harris Decl. ¶ 34.)[2]

14     The federal government's ongoing failure to recognize Maggie as Tracey's

15 spouse renders Tracey ineligible for additional disability compensation of

16 approximately $125 per month for her service-connected conditions.  Section 3 of

17 DOMA and Title 38 also preclude Maggie from eligibility to be buried with Tracey in

18 a veterans' cemetery, and prevent Maggie from being eligible to receive Disability

19 and Indemnity Compensation (DIC)—a monthly allowance currently provided to

20 surviving spouses of deceased disabled veterans at $1195 per month—should Tracey

21 die from a service-connected condition.  (Compl. ¶¶ 49-50.)

22     On February 1, 2012, Tracey and Maggie filed a Complaint in this Court

23 alleging that Title 38 (which for the purposes of determining VA benefits eligibility

24

25 [2] On March 19, 2012, Tracey filed VA Form 9, appealing the VA Regional Office's
   denial of her claim to the Board of Veterans' Appeals ("BVA") and requesting a stay
26 of all proceedings in her appeal to the BVA until the constitutionality of Sections
   101(3) and 101(31) of Title 38 and Section 3 of DOMA has been determined in a final
27 judgment by the U.S. federal courts.  (*See* Tracey Cooper-Harris Decl. ¶ 34.)

28

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

limit definitions of "surviving spouse" and "spouse" to persons of the opposite sex), facially violates the equal protection component of the Due Process Clause of the Fifth Amendment to the United States Constitution.  (*Id.* ¶¶ 62-65.)  The definitions of "surviving spouse" and "spouse" in Title 38—a statute that preceded the passage of DOMA—were amended in 1975 in response to the Supreme Court's seminal decision in *Frontiero v. Richardson*, 411 U.S. 677 (1973), concerning gender discrimination and were not intended to deny spousal benefits to same-sex spouses of veterans or to create a federal definition of marriage for the purpose of excluding same-sex couples. (*Id.* ¶ 53.)  The Complaint further asserts that section 3 of DOMA, which similarly limits the definition of "spouse" for purposes of federal law to a person of the opposite sex, also violates the right to equal protection under the Fifth Amendment as applied to Tracey and Maggie.  (*Id.* ¶¶ 66-69.)

On February 24, 2012, the United States, Attorney General Eric Holder, and Secretary of Veterans Affair Eric Shinseki (hereinafter "Federal Defendants") notified the Court that the Department of Justice would not defend the constitutionality of section 3 of DOMA or Title 38 because they had concluded that the foregoing provisions were unconstitutional.  (Defs.' Notice to Ct., Feb. 24, 2012, ECF No. 16.) The Attorney General informed Members of Congress of its decision so that Members who wished to defend DOMA and Title 38 could do so.  (*Id.*)  On April 2, 2012, BLAG filed a unopposed motion to intervene in the case.  (ECF No. 17.)  The Court granted BLAG's motion on May 22, 2012.  (ECF No. 38.)  Although this case was filed nearly five months ago, discovery has yet to begin.

## B.   Plaintiffs' Current Financial Status and Tracey's Medical Condition

### 1.   Plaintiffs' Financial Status

Tracey and Maggie Cooper-Harris currently reside together in Pasadena, California.  (Compl. ¶ 15; Tracey Cooper-Harris Decl. ¶ 3; Maggie Cooper-Harris Decl. ¶ 3.)  For years, the couple has struggled to make ends meet.  (Tracey Cooper-

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1  Harris Decl. ¶ 30; Maggie Cooper-Harris Decl. ¶ 9.)  After returning from her

2  deployment in the Middle East, Tracey—like many veterans—struggled to find

3  gainful employment until very recently.  (Tracey Cooper-Harris Decl. ¶¶ 7, 19.)  This

4  March, Tracey was able to find a job at her local VA hospital helping veterans gain

5  competitive employment; her salary is approximately $2020 per month post-tax.  (*Id.*

6  ¶ 19.)  Tracey also receives $1478 per month in disability compensation from the VA.

7  (*Id.* ¶ 28.)  Maggie currently works as a transportation electrician's apprentice with the

8  International Brotherhood of Electrical Workers (IBEW).  (Maggie Cooper-Harris

9  Decl. ¶ 5.)  When there is work for her, she earns an average of $470 per week, or

10  approximately $1,880 per month after taxes.  (*Id.*)  Maggie also earns approximately

11  $50 per month as a tutor.  (*Id.* ¶ 6.)  The couple's monthly income is approximately

12  $5428.  (Tracey Cooper-Harris Decl. ¶ 29; Maggie Cooper-Harris Decl. ¶ 7.)

13      Tracey and Maggie's combined income, which remains unstable given the

14  nature of Maggie's job as a union apprentice, barely covers their monthly expenses of

15  approximately $5281 per month.  These expenses include rent, utilities, food,

16  gasoline, student loan debt, and $1032 per month in tuition (not including books and

17  equipment) for Tracey to attend the online Master of Public Administration program

18  of Clemson University.  (Tracey Cooper-Harris Decl. ¶¶ 23-27, 30; Maggie Cooper-

19  Harris Decl. ¶¶ 8-9; *see also* Compl. ¶ 32.)

20      Because Tracey and Maggie's monthly expenses exhaust nearly all of their

21  monthly income, the additional benefits to which Tracey and Maggie are entitled but

22  for Title 38 and DOMA would have a substantial and definite effect on Tracey and

23  Maggie's lives.  (Tracey Cooper-Harris Decl. ¶¶ 30-33; Maggie Cooper-Harris Decl.

24  ¶ 9.)  For example, Tracey and Maggie are currently unable to afford the diet that

25  Tracey's doctor recommends to manage her service-connected multiple sclerosis.

26  (Tracey Cooper-Harris Decl. ¶ 31.)  Tracey and Maggie are also unable to save for

27  inevitable healthcare expenses related to Tracey's progressing ailment, such as an in-

28

10

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1   home healthcare worker.  (*Id*. ¶ 32.)  The additional income that would result from the

2   federal government recognizing Maggie as Tracey's spouse would be used toward

3   these health-related expenses.  (*Id*. ¶ 33.)

4              2.   <u>Tracey's Medical Condition</u>

5        Tracey first began noticing symptoms of multiple sclerosis in December 2009.

6   (*Id*. ¶ 13.)   She was officially diagnosed in July 2010, and the VA determined her

7   multiple sclerosis to be service-connected in 2011.  (Compl. ¶¶ 4-5; Tracey Cooper-

8   Harris Decl. ¶ 13.)  Multiple sclerosis is a chronic, often disabling disease that attacks

9   a person's brain and central nervous system, and for which there is no known cure.

10  (Compl. ¶ 4.)

11       As a result of her multiple sclerosis, Tracey currently experiences blurry vision,

12  sharp electrical charges in different parts of her body, tingling in her extremities, loss

13  of balance, and fatigue.  (Tracey Cooper-Harris Decl. ¶ 14.)  Tracey is in the early

14  stages of the disease and is taking medication to slow its progression; however,

15  multiple sclerosis eventually can affect Tracey's balance such that she would require a

16  wheelchair to move around, and potential loss of vision in one or both eyes.  (*Id.*

17  ¶ 15.)  As the disease progresses, Tracey may lose involuntary reflexes,

18  neuromuscular function, and coordination, which will make it difficult for her to care

19  for herself.  (*Id.*)  Tracey currently is doing her best, with her wife Maggie's help and

20  support, to stay as healthy as possible and maintain a positive attitude about her

21  disease.  (*Id.* ¶¶ 16-18; Maggie Cooper-Harris Decl. ¶¶ 10-11.)

22  **III.   ARGUMENT**

23       **A.   Legal Standard**

24       Courts have inherent power to stay proceedings where the moving party

25  establishes that a stay would promote the interests of the court or parties.  *See Landis*

26  *v. North American Co.*, 299 U.S. 248, 254-55 (1936).  "The party seeking a stay must

27  justify it by *clear and convincing* circumstances outweighing *potential* harm to the

28

<div align="center">11</div>

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

party against whom it is operative."  *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (emphasis added).  In determining whether to stay proceedings at the request of one party, a court must weigh competing interests including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  BLAG bears the heavy burden to justify a stay here, for "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'"  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255).

**B.     BLAG Has Failed To Identify A Single Hardship or Inequity In Being Required To Go Forward, Whereas Plaintiffs Will Suffer Significant Harm If This Proceeding Is Stayed**

BLAG seeks to stay "all proceedings in this case pending the ruling of the United States Court of Appeals for the Ninth Circuit in *Golinski v. U.S. Office of Personnel Management*, Nos. 12-15388 & 12-15409, including any ruling by that Court on any timely-filed petition for rehearing or petition for rehearing en banc." ECF No. 39 at 1.  BLAG offers a single and entirely insufficient justification for the stay – that "a ruling by the Ninth Circuit in *Golinski* on the merits of [DOMA] Section 3's constitutionality will significantly inform this Court's determination of the merits of plaintiffs' claims."  *Id.* at 3.

A stay pending resolution of *Golinski* by the Ninth Circuit is not warranted for at least four reasons.  *First*, BLAG has identified no hardship to it in moving forward, nor could it.  *Second*, *Golinski* does not concern Title 38, a statute that preceded the

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1  passage of DOMA, and there is no guarantee that the Ninth Circuit will rule on the

2  constitutionality of DOMA. *Third*, final resolution of *Golinski* will very likely take an

3  extended amount of time, particularly given that *en banc* proceedings are expected.

4  *Fourth*, a stay will harm Tracey and Maggie, who are having difficulty making ends

5  meet without the additional benefits they are being denied, and may be detrimental to

6  Tracey's health. Under these circumstances, a stay is decidedly not appropriate.

7           1.     BLAG Has Failed To Identify A Single Hardship Or Inequity In

8                  Being Required To Go Forward

9           As the Supreme Court made clear in *Landis*, in order succeed on its motion to

10  stay proceedings, BLAG "'must make out a clear case of hardship or inequity in being

11  required to go forward, if there is even a fair possibility that the stay for which he

12  prays will work damage to some one else.'" *Lockyer*, 398 F.3d at 1109 (quoting

13  *Landis*, 299 U.S. at 255). BLAG has made no argument – let alone a "clear case" –

14  that it will face any hardship or inequity by moving forward in this action.

15          Nor could BLAG make such a showing. For example, discovery in this case

16  with respect to DOMA is likely to be brief and inexpensive. In prior challenges to

17  DOMA in which BLAG has intervened, BLAG has not sought to re-depose plaintiffs'

18  experts as long as the plaintiffs retain the same experts (and use the same expert

19  reports) that have been retained in prior challenges to section 3 of DOMA. These

20  experts are Professor George Chauncey at Yale University, Professor Nancy Cott at

21  Harvard University, Professor Michael Lamb at the University of Cambridge,

22  Professor Leticia Anne Peplau at UCLA, and Professor Gary Segura at Stanford

23  University. Plaintiffs Tracey and Maggie Cooper-Harris have retained all of the

24  above-named experts and intend to use only these five experts in relation to their

25  challenge to section 3 of DOMA. Plaintiffs have no reason to believe that BLAG's

26  actions regarding deposition of these experts would be any different in this case given

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

that the same issues with regard to DOMA are raised here.  This obviates any costs or burdens associated with such discovery.

With respect to discovery related to Title 38, moreover, a stay will not save BLAG from expending resources.  As explained below in Part III.B.2, the issue of Title 38's constitutionality is not presented in the *Golinski* appeals; rather, *Golinski* only raises the issue of DOMA's constitutionality as applied to the plaintiffs there—a federal employee and her spouse.  Thus, discovery as it relates to Title 38's constitutionality will eventually need to occur regardless of the outcome in *Golinski*.

Among other discovery related to Title 38, the parties may need to conduct discovery on the issue of veterans' benefits, the purpose behind the definitions of "spouse" and "surviving spouse" in Title 38, and the impact of Title 38 on the military.  The two experts that Tracey and Maggie have retained on these issues, Dr. Lawrence Korb and Major General (Ret.) Dennis Laich, are former servicemembers and military leaders who will offer testimony on, for example, the history and purpose of providing veterans' benefits to disabled veterans and their dependents and the impact of denying equal benefits to servicemembers on troop morale and military recruitment, retention, and readiness.  Resolution of these issues, which are not presented by *Golinski*, are critical to Tracey and Maggie's claims.

The law is clear that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer, 398 F.3d at 1112.  There is no hardship to BLAG in proceeding with this action.  BLAG will expend the same resources defending Title 38 no matter when the case proceeds to discovery and minimal resources with respect to defending section 3 of DOMA.  Judicial economy will also be promoted by proceeding with discovery on

1   Plaintiffs' claims against Title 38 to ensure that when *Golinski* finally is resolved,

2   Tracey and Maggie are able to move forward as quickly as possible with their case.[3]

3              2.      *Golinski* Does Not Concern Title 38 And May Not Resolve

4                      Plaintiffs' DOMA Claim

5          BLAG's sole argument in support of a stay is that the Ninth Circuit may issue a

6   decision in *Golinski* that will inform this Court's analysis of plaintiffs' claims.   ECF

7   No. 39 at 4.  But this justification alone is entirely insufficient under controlling case

8   law.  *See Dependable Highway Exp. Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066

9   (9th Cir. 2007) (holding *Landis* stay was inappropriate and explaining that "case

10  management standing alone is not necessarily a sufficient ground to stay

11  proceedings"); *Lockyer*, 398 F.3d at 1112 (holding *Landis* stay was inappropriate

12  where grounds other than judicial economy were offered and found to lack merit).

13         In *Golinski*, the District Court for the Northern District of California held that

14  Section 3 of DOMA was unconstitutional as applied to the plaintiff there, a federal

15  employee seeking to enroll her same-sex spouse in the Federal Employees Health

16  Benefits Plan ("FEHBP").  *Golinski v. U.S. Office of Personnel Mgmt.*, 824 F. Supp.

17  2d 968, 990-1002 (N.D. Cal. 2012).  The district court enjoined the federal defendants

18  from interfering with Ms. Golinski's spouse's enrollment in FEHBP.  *Id.* at 1003.

19  Significantly, following the district court's decision, Ms. Golinski's spouse was, and

20  continues to be, enrolled in Ms. Golinski's health benefits plan.  *See BLAG Omnibus

21  Brief, Golinski v. Office of Personnel Management, et al.*, No. 12-15388 (9th Cir.

22  Mar. 26, 2012, ECF No. 21 at 16) (" . . . Ms. Golinski's spouse has been permitted to

23  enroll in the Federal Employee Health Benefit Program.").  Both the federal

24

25  [3] In the event the Court is inclined to grant a stay pending resolution of *Golinski* by
    the Ninth Circuit, Plaintiffs request that the Court limit such a stay to their DOMA
26  challenge and permit discovery to proceed with respect to Title 38.  Granting a stay as
    to all of Plaintiffs' claims only will serve to unnecessarily prolong the duration of this
27  case once *Golinski* is finally resolved.
28

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1   defendants as well as Intervenor BLAG appealed from the district court's decision,

2   causing two appeals to be docketed in the Ninth Circuit.[4]

3        BLAG overstates the potential effect that a decision in *Golinski* will have on

4   Tracey and Maggie's claims.  Even assuming the Ninth Circuit decides the

5   constitutionality of DOMA, that decision would not be dispositive of Plaintiffs'

6   challenge to Title 38.  Title 38 will remain intact and will continue to deny Tracey and

7   Maggie recognition of their marriage until their claims can be addressed in this Court.

8   The definitions of "spouse" and "surviving spouse" in Title 38, which specifically

9   concern the benefits provided to veterans, will not necessarily be affected by a

10  decision on the constitutionality of DOMA because Intervenors (or Defendants under

11  a different administration) could assert justifications or rationales for Title 38 distinct

12  from those asserted in support of DOMA's constitutionality.  *See, e.g.*, Letter from

13  Eric H. Holder, Jr., Attorney General, to John Boehner, Speaker of the U.S. House of

14  Representatives 3, Feb. 17, 2012, ECF No. 16-3 (noting in decision not to defend the

15  definitions of "spouse" and "surviving spouse" in Title 38 that there is "no rationale

16  for providing veterans' benefits to opposite-sex spouses of veterans but not to legally

17  married same-sex spouses of veterans" and "[n]either the Department of Defense nor

18  the Department of Veterans Affairs identified any justifications for that distinction

19  . . .").  And even if the Ninth Circuit's determination of the standard of scrutiny

20  applicable to laws that make classifications based on sexual orientation would inform

21  the Court's ultimate analysis of plaintiffs' Title 38 claim, discovery should move

22  forward to address the facts involved in the claim, as outlined above.

23       Nor is there any guarantee that the Ninth Circuit will reach the issue of

24  DOMA's constitutionality in *Golinski*.  For example, developments could occur that

25  would deprive the plaintiff of standing, such as the ending of her federal employment.

---

[4] The federal defendants appealed only to preserve a justiciable case or controversy, not because they disagreed with the district court's resolution of Ms. Golinski's claims.

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1    Even if the Ninth Circuit does ultimately decide the constitutionality of section

2    3 of DOMA in *Golinski*, there is no reason to believe that the court will uphold the

3    statute.  That court has recently found a constitutional violation in a similar context.

4    *See Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012) (holding California's Proposition 8

5    unconstitutional under the Equal Protection Clause of the Fourteenth Amendment).  In

6    addition, since the district court's decision in *Golinski*, the United States Court of

7    Appeals for the First Circuit as well as Judge Wilken of the Northern District of

8    California and Judge Jones of the Southern District of New York have ruled that

9    section 3 of DOMA is unconstitutional.  *See Commonwealth of Massachusetts v. U.S.*

10   *Dep't of Health & Human Serv's* & *Gill v. Office of Personnel Mgmt.*, Nos. 10-2207

11   & 10-2214, __ F.3d __, 2012 WL 1948017 (1st Cir. May 31, 2012) (declaring section

12   3 unconstitutional under "case-specific" rational basis); *Windsor v. United States*, No.

13   10 Civ. 8435, __ F. Supp. 2d __, 2012 WL 2019716 (S.D.N.Y. June 6, 2012)

14   (declaring section 3 unconstitutional under any level of scrutiny); *Dragovich v. U.S.*

15   *Dep't of the Treasury*, No. C 10-1564, __ F. Supp. 2d __, 2012 WL 1909603 (N.D.

16   Cal. May 24, 2012) (declaring section 3 unconstitutional under rational basis review).

17   There is no reason to believe that the Ninth Circuit will not arrive at the same result –

18   that section 3 of DOMA is unconstitutional.  Accordingly, a stay of Tracey and

19   Maggie's claims will only serve to delay justice and vindication of their constitutional

20   rights.

21        3.    Final Resolution Of *Golinski* By The Ninth Circuit Will Likely

22               Take An Extended Amount of Time

23        Regardless of the effect that *Golinski* may have on plaintiffs' claims, final

24   resolution of *Golinski* by the Ninth Circuit is likely to take many months, if not years,

25   and in any event is indeterminate. As the Ninth Circuit has cautioned, staying an

26   action pending resolution of independent proceedings that bear upon the case "should

27   not be granted unless it appears likely the other proceedings will be concluded within

28

a reasonable time in relation to the urgency of the claims presented to the court."
*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).
"Moreover, the Ninth Circuit has acknowledged that a stay pending appeal is of
dubious character and may result in indefinite delay." *ASUSTek Computer Inc. v.
Ricoh Co.*, No. C 07-01942, 2007 WL 4190689, at *3 (N.D. Cal. Nov. 21, 2007)
(citing *Yong v. INS*, 208 F.3d 1116, 1117-19 (9th Cir. 2000); *Dependable Highway*,
498 F.3d at 1066; *Lockyer*, 398 F.3d at 1105)).

　　　While the Ninth Circuit granted the federal defendants' motion to expedite the
appeals in *Golinski*, oral argument before the three-judge panel will not take place, at
the earliest, until mid-September 2012.  It is impossible to predict when a decision
would be reached by the panel if oral argument proceeds in mid-September; however,
it is likely to be an opinion that could take months to issue.  Further, it is likely that
the losing party, if not both parties, will petition for panel rehearing and/or for
rehearing *en banc*, which would require additional time for not only briefing but also
consideration by both the panel and, subsequently, the full Ninth Circuit.

　　　*En banc* proceedings in *Golinski* are not a remote possibility, but are highly
likely to occur.  In fact, the federal defendants already moved for initial hearing *en
banc*, in order for the Ninth Circuit to revisit a prior decision that could be binding on
any three-judge panel.  *See* Petition for Initial Hearing En Banc, *Golinski v. Office of
Personnel Management, et al.*, Nos. 12-15388 & 12-15409 (9th Cir. Mar. 26, 2012,
ECF No. 18).  The Ninth Circuit denied the motion for initial hearing *en banc*,
resolving that a three-judge panel should address the appeals first, saving any *en banc*
activity for a later date.  *See* Order, *Golinski*, Nos. 12-15388 & 12-15409 (9th Cir.
May 22, 2012, ECF No. 28).

　　　And should the Ninth Circuit grant rehearing before an 11-judge *en banc* panel
– again, not a remote possibility given the issues presented – another round of briefing
would occur, then argument, and then lengthy consideration by the *en banc* panel,

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

18

meaning any *en banc* panel may not issue a decision for years from now.  Finally, from the decision of an 11-judge *en banc* panel, either party has the option of petitioning for rehearing before all of the active judges of the Ninth Circuit.  *See* Circuit Rule 35-3.  Consequently, even though *Golinski* has been expedited, resolution of those appeals by the Ninth Circuit is not likely to be concluded for several years.  *Cf. Garcia v. Benov*, No. 09-56999 (9th Cir.) (*expedited* appeal lasting approximately 2.5 years from docketing of the appeal to *en banc* decision; motion pending to stay mandate); *Lee v. Lampert*, No. 09-35276 (9th Cir.) (*expedited* appeal lasting approximately 2.3 years from docketing of the appeal to *en banc* decision; mandate issued approximately 2 months after *en banc* decision); *Harrison v. Gillespie*, No. 08-16602 (9th Cir.) (*expedited* appeal lasting approximately 2.5 years from docketing of the appeal to *en banc* decision; mandate issued 1.3 years after *en banc* decision); *Cassirer v. Thyssen-Bornemisza*, No. 06-56325 (9th Cir.) (*expedited* appeal lasting approximately 4 years from docketing of the appeal to *en banc* decision; mandate issued 11 months after *en banc* decision).

Given the indeterminate and likely extended duration of time it will take for the Ninth Circuit to resolve *Golinski*, a stay is not appropriate.  What is more, this case was filed nearly five months ago and discovery has yet to commence.  Asking Tracey and Maggie to wait additional months if not years for this Court to hear their constitutional claims, including those that are entirely separate from the claims in *Golinski*, is not reasonable in light of the urgency of their claims and Tracey's illness.

4.   The Potential Harm To Tracey And Maggie Cooper-Harris From A Stay Outweighs Any Burden To BLAG

While BLAG will not be harmed by proceeding in this case, the harm of a stay to Tracey and Maggie would be substantial.  An extended delay will result in financial harm to the couple and, most importantly, could result in physical harm to Tracey.  Tracey has been living with multiple sclerosis since 2009.  From the moment she

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

discovered she had multiple sclerosis, Tracey resolved to ensure that Maggie is provided for when the disease makes it impossible for Tracey to care for herself, and, ultimately, when it takes her life. To that end, on April 19, 2011, Tracey sought to have her marriage recognized by the federal government so that the couple may receive the benefits other married veterans receive.

Each month that passes represents a month that Tracey is not receiving additional disability compensation as a disabled veteran who is legally married, and such past deprivations cannot be remedied by this Court because Tracey and Maggie are not seeking damages here. Rather, they are seeking a declaration that section 3 of DOMA and Title 38 are unconstitutional and that, going forward, her marriage should be recognized by the federal government. Until this case is resolved, Tracey is treated by the VA as a single veteran in every respect, including for the purpose of determining disability compensation.

The uncertainty of Tracey's future health also weighs against granting a stay. As the Fourth Circuit has explained, "of particular significance in balancing the competing interests of the parties . . . are the human aspects of the needs of a plaintiff in declining health as opposed to the practical problems imposed by the proceedings . . . which very well could be pending for a long period of time." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127-28 (4th Cir. 1983) (denying a stay in an asbestos injury suit pending defendants' related bankruptcy proceeding).

It is difficult to predict precisely how multiple sclerosis will affect Tracey in the months and years to come, but the disease is debilitating and often leads to loss of vision and the ability to walk. Tracey and Maggie currently earn just enough income to cover their monthly expenses. Tracey's receipt of additional monthly disability compensation would allow her to allocate this income toward doctor-recommended healthcare and dietary expenses and saving for the inevitable healthcare costs for her future care.

20

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1    California district courts have acknowledged a "fair possibility" of harm

2  sufficient to deny stays under much less compelling circumstances. *See, e.g.*, *Murphy*

3  *v. Target Corp.*, No. 09-CV-1436, 2010 WL 5101075, at *2 (S.D. Cal. Dec. 9, 2010)

4  (finding that a potential increase in difficulty contacting class members over time

5  constitutes a sufficient "possibility of damage"); *Abassi v. BAE Systems Information*,

6  No. 10-CV-1745, 2010 WL 4443340, at *1 (S.D. Cal. Nov. 1, 2010) ("Significant

7  delay in initiating discovery may result in faded memories and lost documents.");

8  *Dairy Am., Inc. v. New York Marine & Gen. Ins. Co.*, No. 07-CV-0537, 2009 WL

9  5218037, at *8 (E.D. Cal. Dec. 29, 2009) (finding that significant delay is a

10  "substantial harm to defendants"); *ASUSTek Computer Inc. v. Ricoh Co.*, No. C 07-

11  01942, 2007 WL 4190689, at *2 (N.D. Cal. Nov. 21, 2007) (finding that "living in the

12  shadow of threatened patent litigation" is prejudice and inefficiency enough to

13  "greatly outweigh any gains" from granting a stay).

14    BLAG's reliance on *Hospital of Barstow, Inc. v. Sebelius*, No. CV 11-10638,

15  2012 WL 893784 (C.D. Cal. Mar. 13, 2012), is misplaced.[5]  As the court emphasized

16  in its decision, the reduced Medicaid reimbursement schedule that plaintiffs were

17  challenging *had already expired*; "the only prejudice to plaintiffs due to a stay [was] a

18  short delay in the potential recovery of damages."  *Id.* at *3.  Thus, unlike Tracey and

19  Maggie, the plaintiffs in *Hospital of Barstow* were not suffering an on-going injury;

20  and significantly, the plaintiffs were corporations with evidently sufficient resources

21  to continue operating during the stay.  Here, the on-going denial of benefits to Tracey

22  and Maggie exacts an immediate harm with potential adverse consequences for

23  Tracey's multiple sclerosis.

24

25  [5] Nor is BLAG's reliance on the stay in *McLaughlin v. Panetta* availing.  (*See* ECF
    No. 39 at 5.)  Contrary to BLAG's suggestion, the court did not order the stay in that
26  case.  Rather, the plaintiffs stipulated with the federal defendants to the stay, a
    circumstance clearly not present here.  *See McLaughlin v. Panetta*, No. 11-cv-11905
27  (D. Mass. Feb. 14, 2012, ECF No. 27) (joint motion to stay case for sixty days).

28

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1   In light of the hardship to Tracey and Maggie Cooper-Harris resulting from the

2   federal government's continued refusal to recognize their marriage, a stay is not

3   appropriate.  BLAG has asserted no justification—nor could it—that would outweigh

4   the couple's interest in Tracey's health and well-being and their financial stability.

5   BLAG has failed to establish "a clear case of hardship or inequity in being required to

6   go forward," necessary to overcome what is certainly more than a "fair possibility that

7   the stay . . . will work damage" to Tracey and Maggie.  *Landis*, 299 U.S. at 255.

8   Accordingly, Tracey and Maggie should not be denied resolution of their case pending

9   a decision in *Golinski*.[6]

## IV.   CONCLUSION

11   For the foregoing reasons, Plaintiffs respectfully request that the Court deny

12   BLAG's motion for a stay.

14   Dated:  June 18, 2012                    Respectfully submitted,

15                                            SOUTHERN POVERTY LAW CENTER

16                                            WILMER CUTLER PICKERING HALE
                                             AND DORR LLP

18                                            BY:   /s/ Randall R. Lee
19                                                  RANDALL R. LEE
                                                   350 South Grand Avenue, Suite 2100
20                                                  Los Angeles, CA 90071
                                                   (213) 443-5300
21                                                  randall.lee@wilmerhale.com

22                                            Attorneys for Plaintiffs Tracey Cooper-Harris
                                             and Maggie Cooper-Harris

---

[6] Even the plaintiff in *Golinski*, Karen Golinski, is not being denied benefits while she awaits resolution of her case.  Her spouse was enrolled in her health benefits plan on the date of the district court's decision.  *See supra* Part III.B.2.

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2012, I electronically filed the foregoing

Plaintiffs' Memorandum Of Law In Opposition To Defendant-Intervenor's

Motion to Stay with the Clerk of Court by using the CM/ECF

system, which provided an electronic notice and electronic link of the same to the

following attorneys of record through the Court's CM/ECF system:

Paul D. Clement
pclement@bancroftpllc.com
H. Christopher Bartolomucci
cbartolomucci@bancroftpllc.com
Conor B. Dugan
cdugan@bancroftpllc.com
Nicholas J. Nelson
nnelson@bancroftpllc.com
BANCROFT PLLC
1919 M Street, N.W., Suite 470
Washington, D.C. 20036

Kerry W. Kircher
Kerry.Kircher@mail.house.gov
William Pittard
William.Pittard@mail.house.gov
Christine Davenport
Christine.Davenport@mail.house.gov
Kirsten W. Konar
Kirsten.Konar@mail.house.gov
Todd B. Tatelman
Todd.Tatelman@mail.house.gov
Mary Beth Walker
MaryBeth.Walker@mail.house.gov
OFFICE OF GENERAL COUNSEL,
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515

Jean Lin, Trial Attorney
jean.lin@usdoj.gov
U.S. DEPARTMENT OF JUSTICE
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, Northwest
Washington, District of Columbia 20530

/s/ Matthew D. Benedetto
Matthew D. Benedetto

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
CASE NO. CV 12-887 CBM (AJWx)