| | |
|---|---|
| JOSEPH J. LEVIN, JR. (*Pro Hac Vice*)<br>joe.levin@splcenter.org<br>CHRISTINE P. SUN (SBN 218701)<br>christine.sun@splcenter.org<br>CAREN E. SHORT (*Pro Hac Vice*)<br>caren.short@splcenter.org<br>SOUTHERN POVERTY LAW CENTER<br>400 Washington Avenue<br>Montgomery, AL 36104<br>Telephone: (334) 956-8200<br>Facsimile: (334) 956-8481 | NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT<br><br>Page 4, paragraph 16, line 23 & 24 |

(*Caption Continued on Next Page*)

## NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS,<br><br>   Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA;<br>ERIC H. HOLDER, JR., in his official capacity as Attorney General; and ERIC K. SHINSEKI, in his official capacity as Secretary of Veterans Affairs,<br><br>   Defendants.<br><br>BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES<br><br>   Intervenor-Defendant. | Case No. CV12-887 CBM (AJWx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>Hon. Consuelo B. Marshall |

1

|    | |
|----|-|
| 1  | RANDALL R. LEE (SBN 152672)<br>randall.lee@wilmerhale.com |
| 2  | MATTHEW BENEDETTO (SBN 252379)<br>matthew.benedetto@wilmerhale.com |
| 3  | WILMER CUTLER PICKERING HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2100 |
| 4  | Los Angeles, CA 90071<br>Telephone:  (213) 443-5300 |
| 5  | Facsimile:  (213) 443-5400 |
| 6  | ADAM P. ROMERO (*Pro Hac Vice*)<br>adam.romero@wilmerhale.com |
| 7  | WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center |
| 8  | New York, NY 10007<br>Telephone:  (212) 230-8800 |
| 9  | Facsimile:  (212) 230-8888 |
| 10 | EUGENE MARDER (SBN 275762)<br>eugene.marder@wilmerhale.com |
| 11 | WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road |
| 12 | Palo Alto, CA 94304<br>Telephone:  (650) 858-6000 |
| 13 | Facsimile:  (650) 858-6100 |
| 14 | *Attorneys for Plaintiffs* |
| 15 | STUART F. DELERY |
| 16 | Acting Assistant Attorney General |
| 17 | ANDRE BIROTTE, JR.<br>United States Attorney |
| 18 | ARTHUR R. GOLDBERG (DC Bar 180661) |
| 19 | Assistant Branch Director |
| 20 | JEAN LIN (NY Bar 4074530)<br>jean.lin@usdoj.gov |
| 21 | Senior Trial Counsel<br>United States Department of Justice |
| 22 | Civil Division<br>Federal Programs Branch |
| 23 | 20 Massachusetts Ave., N.W.<br>Washington, DC 20530 |
| 24 | (202) 514-3716<br>(202) 616-8470 (Fax) |
| 25 | *Attorneys for Defendants* |
| 26 | |
| 27 | |
| 28 | |

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**
**NOTE: CHANGES MADE BY THE COURT**

2

[PROPOSED] PROTECTIVE ORDER
CASE NO. CV 12-887 CBM (AJWx)

ActiveUS 102272709v.1

Paul D. Clement (DC Bar 433215)
pclement@bancroftpllc.com
H. Christopher Bartolomucci (DC Bar 453423)
cbartolomucci@bancroftpllc.com
Nicholas J. Nelson (DC Bar 1001696)
nnelson@bancroftpllc.com
Michael H. McGinley (DC Bar 1006943)
mmcginley@bancroftpllc.com

BANCROFT PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C. 20036
202-234-0090 (telephone)
202-234-2806 (facsimile)

*Of Counsel:*
Kerry W. Kircher, General Counsel (DC Bar 386816)
Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (DC Bar 482949)
William.Pittard@mail.house.gov
Christine Davenport, Senior Assistant Counsel (NJ Bar 043682000)
Christine.Davenport@mail.house.gov
Todd B. Tatelman, Assistant Counsel (VA Bar 66008)
Todd.Tatelman@mail.house.gov
Mary Beth Walker, Assistant Counsel (DC Bar 501033)
MaryBeth.Walker@mail.house.gov

OFFICE OF GENERAL COUNSEL,
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Intervenor-Defendant the Bipartisan*
*Legal Advisory Group of the U.S. House of Representatives*

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

**NOTE: CHANGES MADE BY THE COURT**

The Court, having reviewed the *Joint Stipulation Re Protective Order* ("Stipulation"), entered into on October 17, 2012 between Tracey Cooper-Harris and Maggie Cooper-Harris ("Plaintiffs"); and The United States of America; Eric H. Holder, Jr., in his official capacity as Attorney General; and Eric K. Shinseki, in his official capacity as Secretary of Veterans Affairs ("Defendants"); and the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("Intervenor-Defendant") (collectively, the "parties"), and for good cause shown, and to facilitate discovery and particularly to facilitate the exchange during discovery of documents, things, information, testimony, and other evidence, hereby rules as follows:

**IT IS HEREBY ORDERED** that:

WHEREAS, this is an action that asserts violations of equal protection secured by the Fifth Amendment to the United States Constitution;

WHEREAS, discovery in this action may require the disclosure by the parties of nonpublic and sensitive personal information;

WHEREAS, Intervenor-Defendant seeks to discover information and records from Defendant the Secretary of Veterans Affairs that are protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a and 38 U.S.C. § 5701; and

WHEREAS, in order to allow the discovery of confidential personal information by the parties and to permit Intervenor-Defendant to discover such protected information without making this information public, the Court hereby enters this Protective Order, pursuant to 5 U.S.C. § 552a(b)(11), 38 U.S.C. § 5701(b)(2) and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, for the purpose of assuring the confidentiality of such information.

1.   This Protective Order shall govern the production and use in the above-captioned action of "Protected Materials," produced or provided by any party in response to a discovery request or as a required disclosure.

1

ActiveUS 102272709v.1

2.	As used in this Order, the term "Protected Materials" means records, documents, and/or information, including computerized or electronic information, that are protected from disclosure under any applicable law or regulation, including the Privacy Act and 38 U.S.C. § 5701, or the disclosure of which might otherwise intrude upon the privacy interests of individuals to whom such records, documents, and/or information pertain. Such Protected Materials may include, but are not limited to, documents, records, tangible things, deposition testimony and exhibits, responses to interrogatories, responses to requests for admission, responses to requests for production of documents or inspection, and summaries or descriptions of such documents and information. Any Protected Materials shall be marked according to the terms of Paragraph 7 or designated according to the terms of Paragraph 8 in order to qualify as Protected Materials.

3.	As used in this Order, the term "record" as it relates to Privacy Act and 38 U.S.C. § 5701 protected materials shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).

4.	Pursuant to 5 U.S.C. § 552a(b)(11), the Secretary of Veterans Affairs is hereby authorized to release Protected Materials consistent with the terms of this Order. Plaintiffs' attorneys represent that they are authorized by Plaintiffs to receive such records related to the Plaintiffs.

5.	To the extent that Protected Materials contain Plaintiffs' social security numbers, the producing party shall redact such information.

6.	To the extent that Protected Materials contain information that pertains to anyone other than Plaintiffs, the producing party shall redact those individuals' names, social security numbers, street addresses, phone numbers, or similar information.

7.	The producing party shall mark the Protected Materials in bold type-face: **CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER** or a similar marking.

1  For any records, such as electronic data, whose medium makes such stamping
2  impracticable, the compact disk, diskette, or tape case, and/or accompanying cover
3  letter shall be marked by the producing party in bold type-face: "**CONFIDENTIAL:**
4  **SUBJECT TO PROTECTIVE ORDER**" or a similar marking.

5      8.    Documents, records, and/or information produced before the entry of this
6  Order may be designated Protected Materials by notifying each party in writing of the
7  documents, records, and/or information to be so designated within seven (7) calendar
8  days after notice of entry of this Order.

9      9.    Deposition transcripts or portions of deposition transcripts may be
10 designated Protected Materials within fourteen (14) days of receipt of the transcript.
11 Any deposition transcript or portion of a deposition transcript not designated Protected
12 Materials at the time of the deposition shall be treated as such until fifteen (15) days
13 after its receipt by all parties, unless the parties agree otherwise.

14     10.   Any discovery responses, including responses to interrogatories or
15 requests for admissions, and any pleadings, motions or other papers that incorporate,
16 discuss or otherwise disclose Protected Materials shall be similarly marked by the
17 party creating the document in bold type-face: **CONFIDENTIAL: SUBJECT TO**
18 **PROTECTIVE ORDER** or a similar marking.

19     11.   The failure to designate any document, record, and/or information as
20 Protected Materials shall not constitute a waiver of any timely assertion that the
21 materials are covered by this Order.

22     12.   No party shall be in violation of this Order for the disclosure of
23 documents, records, and/or information if such disclosure is made prior to the marking
24 of such materials as Protected Materials. If such disclosure is made, the parties and all
25 individuals to whom the disclosure was made shall treat the document, record, and/or

1  information as subject to this Order from the date of its designation as Protected
2  Materials forward.
3       13.    Protected Materials, and any copies thereof, and the information
4  contained therein, may be disclosed only to: (1) the parties' attorneys of record and
5  persons regularly in their employ, excluding all non-Plaintiff experts and witnesses;
6  and (2) the Court and its personnel, including court reporters.
7       14.    Protected Materials, any copies thereof, and any and all the information
8  contained therein, shall be distributed to, and used by, only those individuals listed in
9  paragraph 13 of this Order for the sole purpose of this litigation and shall not be
10  disclosed, in any manner whatsoever, to anyone for any other purpose, and shall not
11  be published or disseminated to the public in any form.
12       15.    Any person listed in paragraph 13 (except the Court) who is to review
13  Protected Materials must first agree in writing to be bound by and abide by the terms
14  of this Order, either by signing this Stipulation and Order, or by signing a certification
15  in the form of Exhibit A attached hereto.  Such signed and completed certification
16  shall be retained by the attorneys of record for the party receiving Protected Materials.
17  For the purposes of this paragraph, signature by any counsel of record for a party shall
18  constitute a signature of the Stipulation and Order by all counsel of record and persons
19  regularly in their employ.
20       16.    Any Protected Materials, including, but not limited to, pleadings,
21  motions, discovery responses, deposition transcripts, or other papers where the
22  contents of Protected Materials are discussed, incorporated, or otherwise disclosed
23  ~~shall be filed with the Court, if at all, under seal.~~ ***shall be filed with the Court, if at***
24  ***all, under seal with the Court's permission pursuant to Local Rule 79-5.1***  If any
25  paper which incorporates any Protected Materials or reveals the contents thereof is
26  filed in this Court, those portions of the papers shall be delivered to the Court

4

[PROPOSED] PROTECTIVE ORDER
CASE NO. CV 12-887 CBM (AJWx)

ActiveUS 102272709v.1

1  enclosed in a sealed envelope bearing the caption of this action, an indication of the
2  nature of the contents, and clearly marked **UNDER SEAL.** In addition to complying
3  with all applicable local rules regarding the filing of documents under seal, the parties
4  shall publicly file a redacted copy of such court submission via the Electronic Case
5  Filing System. The parties will also file an unredacted copy of the submission under
6  seal with the Clerk of this Court and serve other counsel of record with unredacted
7  courtesy copies of the submission.

      17.   It shall be the responsibility of the party who is claiming protected status of any Protected Material to file the necessary application with the Court to request sealing at the appropriate time. The procedure for this application shall be as follows:

      a.   The party seeking to file any Protected Materials (the "Filing Party") shall notify the other parties in the case seven (7) calendar days in advance of any such filing.

      b.   Any party claiming protected status of the identified Protected Materials shall within four (4) calendar days after receiving the notice from Paragraph a., identify to the Filing Party the Protected Materials: (i) for which it plans to seek a sealing Order; and (ii) for which it plans not to seek a sealing Order.

      c.   Any documents for which sealing will be sought under Paragraph b.i above will be filed under seal by the Filing Party.

      d.   Any documents for which sealing will not be sought under Paragraph b.ii. above will be filed publicly by the Filing Party and the "CONFIDENTIAL" designation will be removed.

      e.   On the same day that the Filing Party files the Protected Materials identified by Paragraph b.i. above, the party or parties claiming protected status will file a motion to seal consistent with the requirements of the Local Rules.

      f.    In the event the Court denies the motion to seal documents containing or referencing Protected Materials, the documents shall be filed with the Court publicly (i.e., shall be unsealed).

18. The manner of using any Protected Materials at the trial of this litigation shall, after consultation between counsel, be determined by the Court at or about the time when the final pretrial order is submitted to the Court.

19. Within sixty (60) days after the termination of this litigation, including any appeals, all recipients of Protected Materials shall return or destroy all such materials, including all copies thereof, at the written request of the producing party or plaintiffs if not the producing party.  Notwithstanding this provision, counsel of record in this action may retain an archival copy of all pleadings, motion papers, exhibits, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Materials.  Any such archival copies that contain or constitute Protected Materials remain subject to this Order.

20. The inadvertent disclosure or production of Protected Materials shall not constitute waiver of the protected status.  In the event that any Protected Materials is inadvertently disclosed or produced to an individual or organization not authorized under paragraph 13 of this Order to receive or view such materials, the receiving party must immediately notify the producing party and immediately return or destroy the Protected Materials and any copies thereof, as well as any work product derived therefrom, and must not use or disclose the Protected Materials.  In addition, the producing party shall immediately notify Plaintiffs' counsel and shall secure the return or destruction of the inadvertently-produced Protected Materials and any copies thereof, as well as any work product derived therefrom.

21. The inadvertent disclosure or production of privileged or attorney work product material shall not constitute waiver of any applicable privileges or protections.

1  In the event that privileged or attorney work product material is inadvertently
2  disclosed or produced, the receiving party must immediately notify the producing
3  party and immediately return or destroy the privileged or attorney work product
4  materials and any copies thereof, as well as any work product derived therefrom, and
5  must not use or disclose the material.

6       22.    This Order shall not be deemed a waiver of any party's right to: seek an
7  order compelling discovery with respect to any discovery request; object to any
8  discovery or the production of any document, record, and/or information; assert an
9  applicable protection or privilege; object to the admission of any evidence on any
10 grounds in any proceeding herein; or use its own documents produced in this litigation
11 with complete discretion.

12      23.    This Order does not constitute a ruling on whether any particular material
13 is properly discoverable or admissible, and does not constitute a ruling on any
14 potential objection to the production or admissibility of any material.

15      24.    The parties agree that the Joint Stipulation and Protective Order shall
16 govern any discovery between the parties prior to its being entered by the Court.  In
17 the event the Court denies the parties' motion for a Protective Order, the parties agree
18 that the terms of the Joint Stipulation and Protective Order, as submitted to the Court,
19 shall continue to govern any discovery between the parties and use of such discovery
20 in this action.  The parties do not waive any rights other than as provided herein.

21      25.    Nothing in this Order shall prevent disclosure as required by law or
22 compelled by order of any court.

23      26.    Nothing in this Order shall be construed to confer rights on any third
24 party.

25      27.    This Order may be modified by further order of the Court, or by
26 agreement of counsel for the parties subject to the approval of the Court, provided that

1  any such agreement shall be in the form of a written stipulation filed with the clerk of
2  the Court and made a part of the record in this case.
3      28.   This Order shall survive the termination of this litigation and the Court
4  shall retain continuing jurisdiction to enforce its terms.

**IT IS SO ORDERED.**

Dated: October 24, 2012



_____
Hon. Consuelo B. Marshall
United States District Judge

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT
NOTE: CHANGES MADE BY THE COURT

Page 4, paragraph 16, line 23 & 24

8

[PROPOSED] PROTECTIVE ORDER
CASE NO. CV 12-887 CBM (AJWx)

ActiveUS 102272709v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9

[PROPOSED] PROTECTIVE ORDER
CASE NO. CV 12-887 CBM (AJWx)

ActiveUS 102272709v.1