Paul D. Clement (DC Bar 433215)
pclement@bancroftpllc.com
H. Christopher Bartolomucci (DC Bar 453423)
cbartolomucci@bancroftpllc.com
Nicholas J. Nelson (DC Bar 1001696)
nnelson@bancroftpllc.com
Michael H. McGinley (DC Bar 1006943)
mmcginley@bancroftpllc.com

BANCROFT PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C. 20036
202-234-0090 (telephone)
202-234-2806 (facsimile)

*Of Counsel:*
Kerry W. Kircher, General Counsel (DC Bar 386816)
Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (DC Bar 482949)
William.Pittard@mail.house.gov
Christine Davenport, Senior Assistant Counsel (NJ Bar 043682000)
Christine.Davenport@mail.house.gov
Todd B. Tatelman, Assistant Counsel (VA Bar 66008)
Todd.Tatelman@mail.house.gov
Mary Beth Walker, Assistant Counsel (DC Bar 501033)
MaryBeth.Walker@mail.house.gov
Eleni M. Roumel, Assistant Counsel (SC Bar 75763)
Eleni.Roumel@mail.house.gov

OFFICE OF GENERAL COUNSEL,
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Intervenor-Defendant the Bipartisan Legal Advisory Group of the U.S. House of Representatives*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Western Division**

| | |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants, <br><br> BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES, <br><br> Intervenor-Defendant. | No. 2:12-cv-00887-CBM (AJWx) <br><br> **INTERVENOR-DEFENDANT'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT PURSUANT TO LOCAL RULE 56.2** <br><br><br> Hearing: May 6, 2013 <br> Time: 11:00 a.m. <br> Hon. Consuelo B. Marshall |

# STATEMENT OF GENUINE DISPUTES

Pursuant to Local Rule 56.2, Intervenor-Defendant the Bipartisan Legal Advisory Group of the United States House of Representatives (the "House") submits this Response to Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law ("56.1 Statement").

## General Response

Rational basis review applies to Plaintiffs' equal protection challenge to DOMA Section 3 and Section 101. Under rational basis review, the rationality of Section 3 and Section 101 "is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993). For this reason, most of the 82 assertions that comprise Plaintiffs' "Statement of Uncontroverted Facts," are not relevant or material to the Court's disposition of their constitutional challenge to DOMA Section 3 and Section 101, if the Court finds that *any* plausible rational basis for the laws exists, whether supported by evidence or instead by "rational speculation." *Id.*

## Particularized Responses to Numbered Paragraphs

1. Undisputed.

2. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.[1]

---

[1] Further, Plaintiffs submitted their own declarations, which they purport to use as "supporting evidence" for the majority of their 56.1 Statement, without citation to actual evidentiary support for their assertions. To the extent that such self-serving declarations make conclusions outside the scope of Plaintiffs' personal knowledge, *see, e.g.,* Pl. 56.1 Statement at ¶¶ 29, 38, that is not evidence sufficient to support a 56.1 statement, and accordingly such allegations should be disregarded. *See SEC v. Phan*, 500 F.3d 895, 909-10 (9th Cir. 2007) (citing cases).

3. Undisputed, but Plaintiff Tracey Cooper-Harris's age or educational status at enlistment is not relevant or material to any issue in this case and therefore is not admissible evidence.

4. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

5. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

6. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

7. Undisputed, but the details of Plaintiff Tracey Cooper-Harris's service assignments are not relevant or material to any issue in this case and therefore are not admissible evidence.

8. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

9. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

10. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

11. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

12. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

13. Undisputed.

14. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

15. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

16. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

17. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

18. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

19. The House does not dispute that Plaintiffs celebrated a marriage ceremony in 2008, but the legal validity of that ceremony is not a question of fact, but is for the Court to determine as a matter of law.

20. Whether the state of California "provides [Plaintiffs] with the same status, responsibilities, and protections as other legally married couples under state law" is not an assertion of fact but rather is for the Court to decide as a matter of law.

21. Whether a same-sex couple, including Plaintiffs, "married" in 2008 in California were and continue to be a recognized as such is not a question of fact, but is for the Court to determine as a matter of law.

22. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

23. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

24. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Undisputed but not relevant or material to any issue in this case and therefore is not admissible evidence.

29. Disputed because it calls for speculation, which Plaintiffs do not support with evidence (for example, medical records or medical expert testimony) other than her own conclusory, non-expert declaration. Such self-serving declarations must be disregarded on summary judgment where they state conclusions and are not (and, here, cannot be) based on personal knowledge. *See Phan*, 500 F.3d at 909-10.

30. Undisputed to the extent that the list of reasons for providing benefits is not to be read as an exclusive list.

31. The House does not dispute that the United States provides benefits to service members and veterans. The precise purposes for these benefits either are not relevant to any issue in this case and therefore not admissible evidence, or else are background questions for the court to determine as a matter of law.

32. Undisputed.

33. The precise purposes for providing veterans benefits either are not relevant to any issue in this case and therefore are not admissible evidence, or else are background questions for the Court to determine as a matter of law.

34. The precise purposes for providing veterans benefits either are not relevant to any issue in this case and therefore are not admissible evidence, or else are background questions for the Court to determine as a matter of law.

35. Undisputed.

36. Undisputed.

37. Undisputed.

38. The House does not dispute the assertion that the VA provides benefits to the opposite sex spouses of disabled veterans. However, Plaintiffs offer no accurate support for this conclusory statement, other than Plaintiff Tracey Cooper-Harris's self-serving declaration, which is not sufficient support

on summary judgment. *See S.E.C. v. Phan*, 500 F.3d 895, 909-10 (9th Cir. 2007).

39. Undisputed.

40. Disputed. Plaintiffs mischaracterize the cited supporting evidence regarding Dependency and Indemnity Compensation. The cited document speaks for itself. *See* U.S. Dep't of Veterans Affairs, *Federal Benefits for Veterans Dependents and Survivors*, at 101-103 (2012), *available at* http://www.va.gov/opa/publications/benefits_book/2012_Federal_benefits_ebook_final.pdf.

41. Disputed. Plaintiff mischaracterizes the cited supporting evidence concerning Burial and Memorial Benefits, especially to the extent that Plaintiffs assert that burial benefits are available to all veterans or their spouses. The document cited for Plaintiffs' supporting evidence speaks for itself. *See* U.S. Dep't of Veterans Affairs, *Federal Benefits for Veterans Dependents and Survivors*, at 70-75 (2012).

42. Disputed. Plaintiffs' assertion about what a third party may have told Plaintiff Tracey Cooper-Harris is hearsay and is therefore not admissible. Additionally, the allegation is not relevant or material to this action because claims about prospective burial rights are not ripe, as any applicable rights may be lost before death for various reasons. *See* U.S. Dep't of Veterans Affairs, *Federal Benefits for Veterans Dependents and Survivors*, at 70-75 (2012).

43. Undisputed, but the contents of the U.S. Code are not a question of fact but one of law to be determined by the Court.

44. Undisputed, but the contents of the U.S. Code are not a question of fact but one of law to be determined by the Court.

45. Undisputed, but the contents of the U.S. Code are not a question of fact but one of law to be determined by the Court.

7

46. The House does not dispute that Plaintiffs are a same-sex couple who are not eligible for spousal veterans' benefits, although this is not a question of fact, but for the Court to decide as a matter of law. This is illustrated by the fact that Plaintiffs cite no evidence in support of their contention. Moreover, whether 38 U.S.C. §§ 101(3) & (31) are the sole legal source of that ineligibility, or whether Plaintiffs would be independently barred by some other statute or regulation not at issue here and therefore lack standing to pursue their claims, also is for the Court to decide as a matter of law.

47. The precise purposes motivating Title 38 either are not relevant to any issue in this case and therefore not admissible evidence, or else are background questions for the Court to determine as a matter of law.

48. Undisputed, but the precise purposes for these benefits either are not relevant to any issue in this case and therefore not admissible evidence, or else are background questions for the court to determine as a matter of law.

49. Undisputed, but the contents of the U.S. Code are not a question of fact but one of law to be determined by the Court.

50. The effect of a statute on other statutes and how many affected statutes there are is not a question of fact but is for the Court to determine as a matter of law. In any event, "rewrites" is an inaccurate description of what DOMA Section 3 does. DOMA merely reaffirms the definition of marriage already reflected in prior statutes, namely, the traditional definition of marriage as between one man and one woman. The House does not dispute that, according to the Government Accountability Office ("G.A.O."), as of 2004, there were 1,138 provisions in the U.S. Code "in which marital status is a factor in determining or receiving benefits, rights, and privileges." Letter from G.A.O. to Senator Bill Frist 1 (Jan. 23, 2004), GAO-04-353R, *Defense of Marriage Act*, available at http://www.gao.gov/new.items/d04353r.pdf.

51. Disputed. The House vigorously denies Plaintiffs' claim that DOMA was passed "primarily based on 'animus.'" *See* 142 Cong. Rec. 17093-94 (1996); *id*. at 22467; 32 Weekly Comp. Pres. Doc. 1891 (Sept. 30, 1996); *Defense of Marriage Act: Hearing on H.R. 3396 Before the Subcomm. on the Constitution of the H. Comm. on the Judiciary*, 104th Cong. 32 (1996) ("House Hearing"); 142 Cong. Rec. 16796 (1996); H. Rep. No. 104-664, at 10 (1996), reprinted in 1996 U.S.C.C.A.N. 2905, 2914 ("House Report") ("[I]t can be stated with certainty that none of the federal statutes or regulations that use the words 'marriage' or 'spouse' were thought by even a single Member of Congress to refer to same-sex couples."); *id.* at 29 ("Section 3 merely restates the current understanding of what those terms mean for purposes of federal law."); 142 Cong. Rec. 16969 (1996) ("Section 3 changes nothing; it simply reaffirms existing law."); *see* Intervenor-Defendant's Mem. of P&A in Support of its Cross-Mot. for Summ. J. at 21-22 (Mar. 18, 2013) ("House Cross-Mot."); Intervenor-Defendant's Opp'n to Pl's Mot. for Summ. J. at 3-6 (Mar. 18, 2013) ("House Opp'n.), and citations therein.

Plaintiffs sole purported "evidence" for this allegation is a non-binding district court judicial opinion, currently on appeal, which is not admissible evidence in support of this proposition. DOMA was signed into law with vast bipartisan support, under the signature of President Clinton. *See* 142 Cong. Rec. 17093-94 (1996) (House vote 342-67); *id*. at 22467 (Senate vote 85-14); 32 Weekly Comp. Pres. Doc. 1891 (Sept. 30, 1996); *see also* House Opp'n at 5, and citations therein.

Moreover, the nature of Congress's and the President's intent in enacting DOMA is a matter for this Court to determine as a matter of law.

52. The House does not dispute that the cited House Report contains a non-exhaustive list of possible rationales of individual lawmakers for supporting DOMA; however, the contents of DOMA's legislative history, and the nature of

9

the Congressional intent that motivated DOMA, are not questions of fact, but are for the Court to decide as a matter of law.

53. The House does not dispute that Plaintiffs are a same-sex couple who are not eligible for spousal veterans' benefits, although this is not a question of fact, but for the Court to decide as a matter of law. This is illustrated by the fact that Plaintiffs cite no evidence in support of this contention. Moreover, whether DOMA Section 3 is the sole legal source of that ineligibility, or whether Plaintiffs would be independently barred by some other statute or regulation and therefore lack standing to pursue their claims, also is for the Court to decide as a matter of law.

54. Undisputed in part, disputed in part. Colonial laws were aimed not at homosexual persons or conduct *per se* but rather at non-procreative sexual conduct in general. Dep. of George Chauncey, Ph.D. (July 12, 2011) ("Chauncey Dep.") at 34:9-34:24, attached as Nelson Decl. Ex. A. Furthermore, "[l]aws prohibiting sodomy do not seem to have been enforced against consenting adults acting in private." *Lawrence v. Texas*, 539 U.S. 558, 568 (2003).

55. Undisputed, but Plaintiffs submit no evidence that medical views of homosexuality have themselves been based on bias, as opposed to past understandings of scientific knowledge. *See* Affidavit of George Chauncey, Ph.D. ("Chauncey Aff.") ¶¶ 26-27, attached as Nelson Decl. Ex. H.

56. Undisputed, but Plaintiffs submit no evidence that medical views of homosexuality have themselves been based on bias, as opposed to past understandings of scientific knowledge, and the House disputes any assertion thereof. *See* Chauncey Aff. ¶¶ 26-27, attached as Nelson Decl. Ex. H.

57. Undisputed.

58. Undisputed.

59. The House does not dispute that negative portrayals of gays and lesbians appeared in the media in the 1950s and 1960s, or that government discrimination contributed to the same.

60. The House does not dispute that political opposition to gay rights has sometimes continued or increased following political victories by gay and lesbian interest groups.

61. The House does not dispute that some stereotyped political statements have been made regarding gays and lesbians, as they are about many social groups.

62. The House does not dispute that some political and religious leaders continue to disapprove of homosexual conduct, that a smaller subset of those leaders may disapprove of homosexual individuals, or that some gay men or lesbians fear anti-gay violence some of the time.

63. Disputed. In the equal protection context, the impact of a characteristic on one's "judgment, stability, reliability or general social and vocational capabilities" is not a question of fact, but is for the Court to decide as a matter of law.

64. In the equal protection context, the ability of a class of persons "to contribute to society" is not a question of fact, but is for the Court to decide as a matter of law.

65. In the equal protection context, whether a characteristic is immutable is not a question of fact but is for the Court to decide as a matter of law. While the House does not dispute that sexual orientation is stable in many people, it disputes that "immutable" is an accurate descriptor for sexual orientation as a whole. For many persons, sexual orientation is fluid. Indeed, as Dr. Peplau admits, a person's sexual orientation often cannot "be readily categorized as heterosexual, homosexual, or perhaps bisexual. In fact, human experience often defies such clear-cut categories. Linda D. Garnets & Letitia Anne Peplau, *A New Paradigm*

Case 2:12-cv-00887-CBM-AJW Document 108-2 Filed 03/18/13 Page 12 of 19 Page ID #:2875

*for Women's Sexual Orientation: Implications for Therapy*, 24 Women & Therapy 111, 113 (2001); *see also* Affidavit of Letitia Anne Peplau, Ph.D. at ¶19, attached as Nelson Decl. Ex. K. Instead, according to the American Psychological Association, sexual orientations form a "continuum, from exclusive attraction to the other sex to exclusive attraction to the same sex." Am. Psychol. Ass'n, *Answers to Your Questions: For a Better Understanding of Sexual Orientation and Homosexuality*, http://www.apa.org/topics/sexuality/orientation.aspx. Whether individuals "should be required" to take any action is not a question of fact.

      66. Disputed. In the context of equal protection jurisprudence, whether a given class of persons has "political power" or is "politically vulnerable" is not a question of fact, but is for the Court to decide as a matter of law—one on which binding Ninth Circuit precedent contradicts Plaintiffs' contention. *High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990) ("[H]omosexuals are not without political power.") Moreover, in this very case Plaintiffs have demonstrated the *significant* political power that gays and lesbians hold and their successes in achieving their political goals. *See, e.g.*, Letter of Att'y Gen. Holder to Speaker Boehner of the U.S. House of Rep. (Feb. 23, 2011), attached as Exhibit I; s*ee also* House Opp'n at 19-21; Br. on the Merits for [the House] at 49-59, *Windsor v. United States*, No. 12-307 (S. Ct. Jan. 22, 2013), *available at* http://www.supremecourt.gov/docket/PDFs/12-307_Brief_on_the_Merits_for_Respondent.pdf, and citations therein.

      67. Disputed in part, undisputed in part. The House does not dispute that laws classifying on the basis of sexual orientation have been enacted by ballot initiative or referendum with the support of opponents of gay rights, or that laws prohibiting private sexual-orientation classifications have been similarly repealed or prohibited in state constitutions. The House disputes any other characterization,

including that laws upholding traditional marriage definitions are "discriminatory." Further, the House notes that gay rights supporters have used state ballot initiatives and referenda in their favor. *See* House Cross-Mot. at 22; House Opp'n at 22-25, and citations therein.

68. Disputed. Plaintiff has no reliable metric for determining how frequently direct democracy processes have been used "against" any "group." *See* Aff. of Gary Segura (June 24, 2011) ¶ 43, attached hereto as Nelson Decl. Ex. J.

69. In the equal protection context, the quantum of political powerlessness suffered by a given class of people is not a question of fact, but is to be decided by the Court as a matter of law. *See Lyng*, 477 U.S. at 638. Additionally, the Court may take judicial notice of the fact that gay and lesbian persons form a vastly smaller portion of the population than other groups that have received suspect class protection. Nevertheless, they have come to wield a degree of political power that is proportionately greater than those groups. *See* evidence cited in ¶¶ 66-67, *supra*.

70. In the equal protection context, the quantum of political powerlessness suffered by a given class of people—especially as compared to another class— is not a question of fact, but is to be decided by the Court as a matter of law. *See Lyng*, 477 U.S. at 638. The same is true of the rules applied by the Supreme Court.

71. Undisputed, but the import of federal law is not a question of fact but is to be answered by the Court as a matter of law.

72. Undisputed, but the import of federal law is not a question of fact but is to be answered by the Court as a matter of law.

73. Disputed. In the equal protection context, the quantum of political powerlessness suffered by a given class of people is not a question of fact, but is to be decided by the Court as a matter of law. *See Lyng*, 477 U.S. at 638. In any event the opposite is true: political successes demonstrate that gays and lesbians

have ample "political capital," that they and can and do succeed in redefining marriage through the political processes, and that any effort to redefine the institution of marriage is a matter best left in the hands of the elected, politically accountable branches of the federal government and the citizenry through that process.

74. Disputed. "Enduring" is not an accurate description of everyone's experience of sexual orientation. While the House does not dispute that sexual orientation is stable in many people, "enduring" is not an accurate description of everyone's experience of sexual orientation. For many persons, sexual orientation is fluid. Indeed, as Dr. Peplau admits, a person's sexual orientation often cannot "be readily categorized as heterosexual, homosexual, or perhaps bisexual. In fact, human experience often defies such clear-cut categories. Linda D. Garnets & Letitia Anne Peplau, *A New Paradigm for Women's Sexual Orientation: Implications for Therapy*, 24 Women & Therapy 111, 113 (2001); *see also* Affidavit of Letitia Anne Peplau, Ph.D. at ¶19, attached as Nelson Decl. Ex. K. Instead, according to the American Psychological Association, sexual orientations form a "continuum, from exclusive attraction to the other sex to exclusive attraction to the same sex." Am. Psychol. Ass'n, *Answers to Your Questions: For a Better Understanding of Sexual Orientation and Homosexuality*, http://www.apa.org/topics/sexuality/orientation.aspx; *see also* Nigel Dickson, *et al.*, *Same Sex Attracting in a Birth Cohort: Prevalence and Persistence in Early Adulthood*, 56 Soc. Sci. & Med. 1607, 1612-13 (2003) (at age 21 "[t]en percent of men and nearly a quarter of the women [in the study group] reported same-sex attraction at any time, but this nearly halved for current attraction at age 26").

75. Legal criteria for marriage eligibility in the states are not questions of fact but are for the Court to determine as a matter of law, although the House does not dispute that no state has placed upon an individual would-be spouse the burden

14

of affirmatively proving that he or she individually is able to procreate. The Court, however, may take judicial notice of the fact that human procreation normally involves one man and one woman only, and that for more than two centuries after the Founding these parties and only these were permitted to enter marriage in every State. In addition, impotence has often been regarded as a ground for the dissolution of marriages. *See* Cott Dep. at 20:13-21:18, attached as Nelson Decl. Ex. D.

76. Disputed. Homosexuals of course can be good parents, but the House disputes that parents' sexual orientation has no effect on that child's upbringing. The House maintains that our society's preference, other things being equal, for biological parents to raise their own children, is fully rational. *Hernandez v. Robles,* 7 N.Y.3d 338 (N.Y. 2006); *see also* House Cross-Mot. at 19-22, and citations therein.

77. The legal effects of a federal statute are not a question of fact, but are for the Court to determine as a matter of law. Nevertheless, the House does not dispute that DOMA does not prevent gay and lesbian couples from raising children. Although it is a question of law, the House vigorously disputes that DOMA prevents the federal recognition of "families" headed by same-sex couples; DOMA does not purport to define the term "family" and the executive branch recently and prominently has interpreted it in federal law to include same-sex couples. *See, e.g., See* Presidential Mem., *Extension of Benefits to Same-Sex Domestic Partners of Federal Employees*, 75 Fed. Reg. 32,247 (June 2, 2010) (directing the Office of Personnel Management to "clarify that, for purposes of employee assistance programs, same-sex domestic partners and their children qualify as family members'"); DoD Extends Eligibility for Benefits to Same-Sex Partners, National Military Family Association, *available at* http://www.militaryfamily.org/feature-articles/dod-extends-eligibility-for.html

(hospital visitation benefits and unit-based Family Readiness Groups *are open to same sex couples*, along with a host of other family benefits to become available in August 2013).

78. Disputed. The Congressional Budget Office Report is an estimate, as stated in the report itself, this estimate assumes "that same-sex marriages are legalized in all 50 states and recognized by the federal government," Cong. Budget Office, *The Potential Budgetary Impact of Recognizing Same-Sex Marriages*, at 1 (June 21, 2004), http://cbo.gov/ftpdocs/55xx/doc5559/06-21-SameSexMarriage.pdf, and the estimate may be susceptible to other methodological shortcomings or infirmities.

79. Undisputed, although the import of federal and state law is not a question of fact but is for the Court to decide as a matter of law. However, the federal government has certainly concerned itself with the definition of marriage in other contexts.

80. The contents and legal import of the parties' filings in this case are not questions of fact but are to be determined by the Court as matters of law.

81. Disputed. Plaintiffs' experts fail to invoke any facts, data, or methodology to support these conclusions, s*ee, e.g.*, Mem. of P. & A. in Supp. of Mot. to Exclude the Expert Test. of Dr. Lawrence J. Korb & Maj. Gen. (Ret) Dennis Laich at 3 (Nov. 6, 2012) (ECF No. 56); Korb Dep. 58:12-20, attached to Nelson Decl. at Ex. G.

82. Disputed. Whether Title 38 is "antithetical to the military's commitment to caring and providing for the families of veterans" is either a question of law or matter of unreviewable opinion.

**CONCLUSIONS OF LAW**

Local Rule 56.2 does not require the House to respond to Plaintiffs' "Conclusions of Law," and questions of law must be determined by the Court. However, the House disputes each and every "conclusion of law" Plaintiffs assert, as reflected in the House's Answer, Cross-Motion for Summary Judgment, Opposition to Plaintiffs' Motion for Summary Judgment, and memoranda submitted in support thereof, which are incorporated as if included herein.

Respectfully submitted,

By: /s/ H. Christopher Bartolomucci
H. Christopher Bartolomucci
BANCROFT PLLC[2]

*Counsel for Intervenor-Defendant the Bipartisan Legal Advisory Group of the U.S. House of Representatives*[3]

March 18, 2013

---

[2] Kerry W. Kircher, as ECF filer of this document, attests that concurrence in the filing of the document has been obtained from signatory H. Christopher Bartolomucci.

[3] The Bipartisan Legal Advisory Group, which speaks for the House in litigation matters, currently is comprised of the Honorable John A. Boehner, Speaker of the House, the Honorable Eric Cantor, Majority Leader, the Honorable Kevin McCarthy, Majority Whip, the Honorable Nancy Pelosi, Democratic Leader, and the Honorable Steny H. Hoyer, Democratic Whip. The Democratic Leader and Democratic Whip decline to support the filing of this statement.

# CERTIFICATE OF SERVICE

I certify that on March 18, 2013, I electronically filed the foregoing Intervenor-Defendants' Statement of Genuine Disputes of Material Facts Pursuant to Local Rule 56.2 with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to the following attorneys of record through the Court's CM/ECF system:

> Caren E. Short, Esquire
> Christine P. Sun, Esquire
> Joseph J. Levin, Jr., Esquire
> SOUTHERN POVERTY LAW CENTER
> 400 Washington Avenue
> Montgomery, Alabama  36104
> caren.short@splcenter.org
> christine.sun@splcenter.org
> joe.levin@splcenter.org
> *Counsel for Plaintiffs*

> Adam P. Romero, Esquire
> Rubina Ali, Esquire
> WILMER CUTLER PICKERING HALE & DORR LLP
> 7 World Trade Center
> New York City, New York  10007
> adam.romero@wilmerhale.com
> rubina.ali@wilmerhale.com
> *Counsel for Plaintiffs*

> Eugene Marder, Esquire
> WILMER CUTLER PICKERING HALE & DORR LLP
> 950 Page Mill Road
> Palo Alto, California  94304
> eugene.marder@wilmerhale.com
> *Counsel for Plaintiffs*

Randall R. Lee, Esquire
Matthew D. Benedetto, Esquire
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue Suite 2100
Los Angeles, California 90071
randall.lee@wilmerhale.com
matthew.benedetto@wilmerhale.com
*Counsel for Plaintiffs*

Jean Lin, Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, Northwest
Washington, District of Columbia 20530
jean.lin@usdoj.gov
*Counsel for the Executive Branch defendants*

                */s/ Christine Davenport*
                Christine Davenport