Paul D. Clement (DC Bar 433215)
pclement@bancroftpllc.com
H. Christopher Bartolomucci (DC Bar 453423)
cbartolomucci@bancroftpllc.com
Nicholas J. Nelson (DC Bar 1001696)
nnelson@bancroftpllc.com
Michael H. McGinley (DC Bar 1006943)
mmcginley@bancroftpllc.com

BANCROFT PLLC
1919 M Street, N.W.
Suite 470
Washington, D.C.  20036
202-234-0090 (telephone)
202-234-2806 (facsimile)

*Of Counsel:*
Kerry W. Kircher, General Counsel (DC Bar 386816)
Kerry.Kircher@mail.house.gov
William Pittard, Deputy General Counsel (DC Bar 482949)
William.Pittard@mail.house.gov
Christine Davenport, Senior Assistant Counsel (NJ Bar 043682000)
Christine.Davenport@mail.house.gov
Todd B. Tatelman, Assistant Counsel (VA Bar 66008)
Todd.Tatelman@mail.house.gov
Mary Beth Walker, Assistant Counsel (DC Bar 501033)
MaryBeth.Walker@mail.house.gov
Eleni M. Roumel, Assistant Counsel (SC Bar 75763)
Eleni.Roumel@mail.house.gov

OFFICE OF GENERAL COUNSEL,
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
202-225-9700 (telephone)
202-226-1360 (facsimile)

*Counsel for Intervenor-Defendant the Bipartisan
Legal Advisory Group of the U.S. House of Representatives*

1

2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Western Division**

3

4

5

6

7

8

9

10

11

12

13

14

15

TRACEY COOPER-HARRIS and
MAGGIE COOPER-HARRIS,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants,

BIPARTISAN LEGAL ADVISORY
GROUP OF THE U.S. HOUSE
OF REPRESENTATIVES,

    Intervenor-Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:12-cv-00887-CBM (AJWx)
Judge:  Hon. Consuelo B. Marshall

**RESPONSE OF
INTERVENOR-DEFENDANT
TO FEDERAL DEFENDANTS'
EX PARTE APPLICATION
FOR FILING THE
ATTACHED TABLE SETTING
FORTH THEIR POSITION
WITH RESPECT TO
PLAINTIFFS' AND BLAG'S
JOINT CONSOLIDATED
STATEMENT OF
UNCONTROVERTED AND
DISPUTED FACTS AND
DISPUTED CONCLUSIONS
OF LAW**

16

17

18

19

20

21

22

23

24

25

26

27

28

   On April 17, 2013, Defendants United States of America, Eric H. Holder, Jr., and Eric K. Shinseki (collectively "Executive Branch Defendants") filed an Ex Parte Application for Filing the Attached Table Setting Forth Their Position with Respect To Plaintiffs' and [the House's] Joint Consolidated Statement of Uncontroverted and Disputed Facts and Disputed Conclusions Of Law (ECF No. 122) ("Ex Parte Application").  As noted in the Ex Parte Application, at 3-4, Intervenor-Defendant the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House") opposes the relief requested by the Executive Branch Defendants.  The requested relief does not comply with this Court's April 4, 2013 Order Requiring Consolidated Statement (ECF No. 112) ("April 4 Order"), or this Court's April 12, 2013 Order Clarifying That the Use of "Parties" in this Court's April 4, 2013 Order Refers to Plaintiffs, BLAG, & Federal Defendants (ECF No.

1

120) ("April 12 Order").

First, and most importantly, the Executive Branch Defendants seek to introduce legal arguments into the consolidated statement in a manner not contemplated by this Court's April 4 and April 12 Orders. As neither the House nor Plaintiffs have had the opportunity to include their responsive legal arguments in the consolidated statement in this fashion, it would be inappropriate to permit the Executive Branch Defendants to do so now. Second, the Executive Branch Defendants seek to "take no position" with respect to some facts and qualify their acceptance of others, and yet continue to categorize these as facts "to which all parties agree." This does not comply with the Court's April 4 and April 12 Orders and serves only to muddy the issues in this case.

## I.    Improper Supplementation of Legal Arguments (April 4 Order, Part D)

This Court's April 4 Order required, in relevant part, that the parties "[l]ist[] each alleged conclusion of law for which there is a dispute, and clearly label[] which party alleges that conclusion of law and which party disputes it." April 4 Order at D. The House and Plaintiffs filed a joint consolidated statement in compliance with the Court's April 4 Order, Joint Consol. Statement of Uncontroverted & Disputed Facts & Disputed Conclusions of Law (ECF No. 119) ("Joint Statement"), which the Executive Branch Defendants declined to join. *Id.* at 1 n.1. In response to Executive Branch Defendants' Ex Parte Application for an Order Clarifying this Court's . . . Order Regarding Consolidated Statement (ECF No. 117), the Court then clarified that the Executive Branch Defendants were in fact required to participate in the filing. April 12 Order. The Court's April 12 Order did not modify the Court's April 4 Order in any way.

The Joint Statement by the House and Plaintiffs complied with the Court's order by simply listing each conclusion of law and noting the party who disputed

1   it.  The Executive Branch Defendants now, however, attempt to add lengthy

2   discussions in response to nearly every proposed conclusion of law.[1]  This goes far

3   beyond the Court's order to "label[] . . . which party disputes" each conclusion of

4   law.  Moreover, is clearly unfair in a context where both the House and Plaintiffs

5   have hewed strictly to the Court's requirement and, thus, have not had the

6   opportunity to include the kind of extension discussions in response to each

7   proposed conclusion of law that the Executive Branch Defendants now propose.

8         **II.**    **Improper Treatment of Issues of Fact (April 4 Order, Part A)**

9         The Court's April 4 Order required the parties to "[l]ist[] all uncontroverted

10   facts . . . to which all parties agree," and to "[r]espond[] to each moving party's

11   alleged uncontroverted fact for which there is a genuine dispute, with citations to

12   supporting evidence.  Each response should clearly label which party alleges that

13   fact and which party disputes it . . . ."  April 4 Order at A, B.  In compliance with

14   the April 4 Order, the Joint Statement filed by the House and Plaintiffs lists

15   uncontroverted facts and supporting evidence without further comment by either

16   side in Part A, and includes a separate list of objected-to and/or disputed facts

17   containing the responding party's response in Part B.  The Executive Branch

18   Defendants, however, seek to deviate from the Court's April 4 Order and the

19   parties' approach in two ways:  (1) they purport to "take no position" with respect

20   to certain facts, which they nevertheless continue to classify as facts to which "all

21   parties agree"; and (2) they purport to qualify or modify their assent to several of

22   the facts to which "all parties agree."  Consistent with the House's and the

23   Plaintiffs' approach and the Court's April 4 Order, any facts to which the

24   Executive Branch Defendants wish to respond should be classified as objected-to

25

26        [1]  Unsurprisingly, given the Executive Branch Defendants' position in this case, these

27   discussions support Plaintiffs' positions in the vast majority of instances.

28

and/or disputed and listed in Part B.  The listing of agreed-upon facts provided in Part A should be reserved for those that are truly agreed upon.

* * *

For the foregoing reasons, the Executive Branch Defendants' Ex Parte Application should be denied, and the Court should issue an order requiring the Executive Branch Defendants to comply with the Court's April 4 Order, by filing a joint consolidated statement that:

1. Specifies whether the Executive Branch Defendants dispute or object to each and every factual conclusion proposed by the Plaintiffs;

2. Classifies each factual conclusion as "agreed" only if no party objects to or disputes it;

3. Omits any explanation or designation of the "Federal Defendants' Position" on facts to which all parties agree;

4. Omits any explanation or designation of the "Federal Defendants' Position" as to proposed conclusions of law; and

5. Lists "Federal Defendants," without further elaboration, in the "Party Disputing" column for each legal conclusion that the Executive Branch Defendants dispute.

Respectfully submitted,

By: */s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
BANCROFT PLLC[2]

*Counsel for Intervenor-Defendant the
Bipartisan Legal Advisory Group of the U.S.
House of Representatives*[3]

April 18, 2013

---

[2] Kerry W. Kircher, as ECF filer of this document, attests that concurrence in the filing of the document has been obtained from signatory H. Christopher Bartolomucci.

[3] The Bipartisan Legal Advisory Group, which speaks for the House in litigation matters, currently is comprised of the Honorable John A. Boehner, Speaker of the House, the Honorable Eric Cantor, Majority Leader, the Honorable Kevin McCarthy, Majority Whip, the Honorable Nancy Pelosi, Democratic Leader, and the Honorable Steny H. Hoyer, Democratic Whip. The Democratic Leader and Democratic Whip have declined to support the position taken by the Group on the merits of DOMA Section 3's constitutionality in this case.

**CERTIFICATE OF SERVICE**

I certify that on April 18, 2013, I electronically filed the foregoing Response of Intervenor-Defendant to Federal Defendants' Ex Parte Application for Filing the Attached Table Setting Forth Their Position With Respect To Plaintiffs' and BLAG's Joint Consolidated Statement of Uncontroverted and Disputed Facts and Disputed Conclusions of Law with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to the following attorneys of record through the Court's CM/ECF system:

Caren E. Short, Esquire
Christine P. Sun, Esquire
Joseph J. Levin, Jr., Esquire
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama  36104
caren.short@splcenter.org
christine.sun@splcenter.org
joe.levin@splcenter.org
*Counsel for Plaintiffs*

Adam P. Romero, Esquire
WILMER CUTLER PICKERING HALE & DORR LLP
7 World Center
New York, New York  10007
adam.romero@wilmerhale.com
*Counsel for Plaintiffs*

Rubina Ali, Esquire
WILMER CUTLER PICKERING HALE & DORR LLP
250 Greenwich Street
New York, New York  10007
rubina.ali@wilmerhale.com
*Counsel for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eugene Marder, Esquire
WILMER CUTLER PICKERING HALE & DORR LLP
950 Page Mill Road
Palo Alto, California 94304
eugene.marder@wilmerhale.com
*Counsel for Plaintiffs*

Randall R. Lee, Esquire
Matthew D. Benedetto, Esquire
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue Suite 2100
Los Angeles, California 90071
randall.lee@wilmerhale.com
matthew.benedetto@wilmerhale.com
*Counsel for Plaintiffs*

Jean Lin, Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, District of Columbia 20530
jean.lin@usdoj.gov
*Counsel for Executive Branch Defendants*

*/s/ Mary Beth Walker*
Mary Beth Walker