JOSEPH J. LEVIN, JR. (*Pro Hac Vice*)
joe.levin@splcenter.org
CAREN E. SHORT (*Pro Hac Vice*)
caren.short@splcenter.org
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481

(*Caption Continued on Next Page*)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; ERIC H. HOLDER, JR., in his official capacity as Attorney General; and ERIC K. SHINSEKI, in his official capacity as Secretary of Veterans Affairs, <br><br> Defendants, <br><br> BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES, <br><br> Intervenor-Defendant. | No. 2:12-CV-887-CBM-AJW <br><br> Hon. Consuelo B. Marshall <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** |

Randall R. Lee (SBN 152672)
randall.lee@wilmerhale.com
Matthew Benedetto (SBN 252379)
matthew.benedetto@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Adam P. Romero (*Pro Hac Vice*)
adam.romero@wilmerhale.com
Rubina Ali (*Pro Hac Vice*)
rubina.ali@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Eugene Marder (SBN 275762)
eugene.marder@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiffs

1    Plaintiffs respectfully advise this Court of two recent decisions from the United
2 States Supreme Court that bear on Plaintiffs' and Intervenor-Defendant BLAG's
3 cross motions for summary judgment pending before this Court.  The cross motions
4 for summary judgment present the constitutionality of Section 3 of the Defense of
5 Marriage Act, 1 U.S.C. § 7 ("DOMA"), and 38 U.S.C. §§ 101(3) & (31) ("Title 38").
6 These statutes separately prohibit the federal government from treating Plaintiffs
7 Tracey and Maggie Cooper-Harris, who are in a valid same-sex marriage, equally to
8 similarly situated different-sex spouses.   Specifically, these statutes bar the
9 Department of Veterans Affairs from providing Tracey and Maggie benefits that
10 veterans and their different-sex spouses routinely receive.

**A.**   *United States v. Windsor*

On June 26, 2013, in *United States v. Windsor*, the Supreme Court held that Section 3 of DOMA is unconstitutional under the due process and equal protection principles guaranteed by the Fifth Amendment.  *See United States v. Windsor*, 570 U.S. __, No. 12-307, slip op. at 20-26 (June 26, 2013) (attached hereto as Exhibit A). Examining the legislative history of DOMA, the Court concluded that "the avowed purpose and practical effect of [DOMA] are to impose a disadvantage, a separate status, and so a stigma upon all who enter into same-sex marriages made lawful by the unquestioned authority of the States." *Id.* at 21.  This bare desire to harm same-sex spouses is impermissible, the Court held, and no legitimate purpose, such as "governmental efficiency," could save the statute.  *Id.* at 22.  "[DOMA] is invalid, for no legitimate purpose overcomes the purpose and effect to disparage and to injure those whom [New York], by its marriage laws, sought to protect in personhood and dignity."  *Id.* at 25-26; *see also id*. at 20 ("The Constitution's guarantee of equality 'must at the very least mean that a bare desire to harm a politically unpopular group cannot' justify disparate treatment of that group." (quoting *Dep't of Agriculture v. Moreno*, 413 U.S. 528, 534-35 (1973))).  Because "DOMA seeks to injure the very class New York seeks to protect . . . it violates basic [liberty] and equal protection

principles" — complementary guarantees that "withdraw[] from Government the power to degrade or demean in the way this law does . . . ." *Id.* at 20, 25.[1]

Because the Supreme Court has now invalidated Section 3 of DOMA, the remaining issue for this Court is the constitutionality of the spousal definitions in Title 38. As Plaintiffs have explained in their briefs on the cross motions for summary judgment, there is no conceivable rational basis for the Title 38 provisions. *See* ECF No. 97 at 17-25 (Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment); ECF No. 114 at 13-25 (Plaintiffs' Reply in Support of Motion for Summary Judgment and Opposition to BLAG's Cross Motion for Summary Judgment). To be sure, BLAG advances no rationales in support of Title 38 beyond those rejected by the Supreme Court in *Windsor*. While the animus underlying the passage of DOMA was key to the Supreme Court's decision in *Windsor*, the spousal definitions in Title 38 "degrade and demean" same-sex spouses in exactly the same way as DOMA, for they each contain the same discriminatory classification. *Windsor*, slip op. at 25. Like DOMA, because "the principal effect [of the Title 38 provisions] is to identify a subset of state-sanctioned marriages and make them unequal[,]" Title 38 violates the liberty and equality guarantees of the Constitution. *Id.* at 22.

Furthermore, the Title 38 provisions are more disconnected from any legitimate governmental purpose than Section 3 of DOMA. For example, whatever uniformity DOMA's broad sweep may have created, the spousal definitions in Title 38 undeniably disrupt the uniform provision of veterans benefits established by 38 U.S.C. § 103(c), which expressly relies on state definitions of marriage to determine eligibility of veterans benefits that are tied to marriage. BLAG argues in support of its "uniformity" rationale that this Court should focus on the ways in which DOMA and

---

[1] In reaching the constitutionality of Section 3 of DOMA in *Windsor*, the Supreme Court saw no moment to mention *Baker v. Nelson*, 409 U.S. 810 (1972) (summary dismissal), definitively establishing that BLAG's reliance on *Baker* before this Court is misplaced.

Title 38 treat same-sex couples in *different* states the same. *See, e.g.*, ECF No. 105-2 at 10 (BLAG's Memorandum In Support of Motion for Summary Judgment). However, the Supreme Court rejected that approach in *Windsor*. Instead, as Plaintiffs have urged here, the Supreme Court in *Windsor* focused on the inequality created by DOMA between different-sex spouses and same-sex spouses *within the individual states* that recognize same-sex marriage.[2] Title 38 presents this precise same problem. By denying Tracey and Maggie the same treatment with respect to veterans benefits as different-sex married couples within California, the Title 38 provisions degrade and demean Tracey and Maggie, and other same-sex spouses, in violation of the Fifth Amendment.

The irrationality of the Title 38 spousal definitions are additionally highlighted by the fact that they fail to advance any *military* purpose and, in fact, undermine military recruiting, retention, readiness, and cohesion — in direct conflict with the governmental purposes underpinning veterans benefits. The evidence is uncontroverted on this point. *See* ECF No. 97 at 24-25; ECF No. 114 at 15-17. Similarly, the categorical exclusion of same-sex marriages is wholly inconsistent with the legislative history of the spousal definitions in Title 38, which were enacted in their present form to promote gender equality and expand the availability of veterans' benefits. *See* ECF No. 97 at 6-7, 24; ECF No. 114 at 17.

In *Windsor*, the Supreme Court applied a "careful consideration" standard of review rather than traditional, deferential rational basis review. *See Windsor*, slip op. at 19-20 (quoting *Romer v. Evans*, 517 U.S. 620, 633 (1996)). Indeed, the Court fixed a close eye on the animus that infected the passage of DOMA and the injury DOMA exacts on same-sex couples as well as their children. *Id.* at 20-24. In applying this

---

[2] *See e.g.*, *Windsor*, slip op. at 22 ("DOMA contrives to deprive some couples married under the laws of their State, but not other couples, of both rights and responsibilities. By creating two contradictory marriage regimes within the same State, DOMA forces same-sex couples to live as married for the purpose of state law but unmarried for the purpose of federal law, thus diminishing the stability and predictability of basic personal relations the State has found it proper to acknowledge and protect.").

1 "careful consideration" standard, the Court did not reject the notion that intermediate
2 or strict scrutiny applies to classifications based on sexual orientation, leaving that
3 question for another day. Accordingly, Plaintiffs respectfully continue to urge this
4 Court to apply heightened scrutiny to the Title 38 spousal provisions on both sexual
5 orientation and sex discrimination grounds. *See* ECF No. 97 at 9-16; ECF No. 114 at
6 6-10. However, should this Court determine that intermediate or strict scrutiny is not
7 warranted or available in the Ninth Circuit, then *Windsor* requires that this Court, at
8 the very least, closely examine the fit between Title 38's means and ends. *See also*
9 ECF No. 114 at 11-13. In any event, because Title 38's spousal definitions advance
10 no legitimate governmental interest, let alone one related to the military or veterans,
11 they are unconstitutional under any standard of review.

**B.     *Hollingsworth v. Perry***

On June 26, 2013, in *Hollingsworth v. Perry*, the Supreme Court held that the official proponents of Proposition 8 — a voter initiative that amended the California constitution to prohibit same-sex marriage in the state — did not have standing to appeal from the district court judgment invalidating the initiative under the federal constitution. *See Hollingsworth v. Perry*, 570 U.S. __, No. 12-144, slip op. at 7-16 (June 26, 2013) (attached hereto as Exhibit B). Accordingly, the Court held that both it and the Ninth Circuit were without jurisdiction, vacated the Ninth Circuit's judgment, and ordered the Ninth Circuit to dismiss the appeal. *Id.* at 17. The district court's judgment therefore remains undisturbed, including its conclusions — relied on by Plaintiffs here — that (1) heightened scrutiny is the appropriate level of review for sexual orientation discrimination; and (2) none of the rationales offered in support of Proposition 8 satisfied even the lowest standard of review. *See Perry v. Schwarzenegger*, 704 F. Supp. 2d 921, 996-1003 (N.D. Cal. 2010).

| | | |
|---|---|---|
| 1 | DATE:  July 8, 2013 | Respectfully Submitted, |
| 2 | | SOUTHERN POVERTY LAW CENTER |
| 3 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 4 | | |
| 5 | | BY:   /s/ Adam P. Romero<br>ADAM P. ROMERO |
| 6 | | 7 World Trade Center<br>New York, NY 10007 |
| 7 | | (212) 295-6422<br>adam.romero@wilmerhale.com |
| 8 | | *Attorneys for Plaintiffs* |

**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

**CERTIFICATE OF SERVICE**

I certify that on July 8, 2013, I electronically filed the foregoing Plaintiffs' Notice of Supplemental Authority with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to all attorneys of record.

/s/ *Adam P. Romero*
Adam P. Romero