**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| TRACEY COOPER-HARRIS and MAGGIE COOPER-HARRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; ERIC H. HOLDER, JR., in his official capacity as Attorney General; and ERIC K. SHINSEKI, in his official capacity as Secretary of Veterans Affairs, <br><br> Defendants. | No. 2:12-CV-887-CBM-(AJWx) <br><br> Hon. Consuelo B. Marshall <br><br> **JUDGMENT [JS-6]** |

Plaintiffs, a U.S. Army veteran and her same-sex spouse, filed this action on February 12, 2012, challenging under the equal protection component of the Fifth Amendment the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, and Sections 101(3) and 101(31) of Title 38 of the United States Code ) ("Title 38"), each of which prohibits the federal government from recognizing Plaintiffs' same-sex marriage.

Defendants filed a motion to dismiss for lack of jurisdiction, which Plaintiffs opposed. [Doc. Nos. 68 and 79.] Plaintiffs filed a motion for summary judgment, which Intervenor-Defendant Bipartisan Legal Advisory Group ("BLAG") opposed. [Doc. Nos. 96 and 108.] BLAG filed a motion for summary judgment, which Plaintiffs opposed. [Doc. Nos. 105, 114.] On June 26, 2013, the Supreme Court held in *United States v. Windsor*, 133 S. Ct. 2675, 2693 (2013), that Section 3 of DOMA "violates basic due process and equal protection principles" and is therefore unconstitutional. BLAG withdrew its motion for summary judgment and opposition

to Plaintiffs' motion for summary judgment. [Doc. No. 136.] The Court granted Plaintiffs' motion for summary judgment and denied Defendants' motion to dismiss. [Doc. Nos. 140 and 141.]

Therefore, it is ORDERED AND ADJUDGED that:

(1) Section 3 of DOMA, 1 U.S.C. § 7, is unconstitutional under the equal protection component of the Due Process Clause of the Fifth Amendment as applied to Plaintiffs;

(2) Section 101(3) of Title 38 of the United States Code, 38 U.S.C. § 101(3), is unconstitutional under the equal protection component of the Due Process Clause of the Fifth Amendment to the extent that this provision requires a "surviving spouse" to be a person of the opposite sex;

(3) Section 101(31) of Title 38 of the United States Code, 38 U.S.C. § 101(31), is unconstitutional under the equal protection component of the Due Process Clause of the Fifth Amendment to the extent that this provision requires a "spouse" to be a person of the opposite sex;

(4) Defendants are permanently enjoined from applying Section 3 of DOMA to deny recognition of Plaintiffs' marriage recognized by the State of California; and

(5) Defendants are permanently enjoined from applying section 101(3) of Title 38, or Section 101(31) of Title 38, to the extent that these provisions require a "spouse" or a "surviving spouse" to be a person of the opposite sex, to deny recognition of Plaintiffs' marriage recognized by the State of California.

**IT IS SO ORDERED.**

DATE: March 12, 2014

_____
Hon. Consuelo B. Marshall
United States District Judge